## MRS. JAMES F. PARKER v. GREAT ATLANTIC & PACIFIC TEA COMPANY.

(Filed 25 November, 1931.)

1. **Negligence A c—Res ipsa loquitur does not apply to injury caused by falling on oiled floor of store building.**

    The doctrine of *res ipsa loquitur* does not apply to an injury received by a customer or invitee in a store building caused by the customer's slipping and falling on the oiled floor of the store.

2. **Negligence A c—Evidence that oil had been applied to floor in a negligent manner, causing injury, held sufficient.**

    Where in an action by a customer to recover damages for an injury sustained by slipping and falling on the oiled floor of a grocery store there is evidence that the injury occurred on Monday after the floor had been oiled on the preceding Saturday night and that the oil had accumulated in streaks and that the customer slipped and fell where there was an unusual accumulation of oil at a place where customers were invited to inspect merchandise displayed, is *Held:* sufficient evidence that the oil had been negligently applied to take the case to the jury upon the issue of the defendant's negligence.

3. **Appeal and Error J e—Exclusion of evidence, if error, held harmless, the excluded evidence being argued to the jury without objection.**

    Where, in an action by a customer to recover damages sustained from slipping and falling on the oiled floor of a grocery store, the trial court excludes evidence offered by the defendant that there were three hundred other customers in the store on the same day and none of them were injured, but the evidence excluded is argued to the jury without objection, *Held:* if the evidence was competent and was erroneously excluded, it was not error to defendant's prejudice who received the full benefit in the argument of the case before the jury.

CIVIL ACTION, before *Cowper, Special Judge,* at April Term, 1931, of WAYNE.

The plaintiff alleged and offered evidence tending to show that on 10 March, 1930, at about eight o'clock in the morning, she entered the store of the defendant and walked toward the milk counter. Her narrative of the occurrence is as follows: "I entered the door and gave a casual glance over the display of groceries that were in the store and

went on toward the milk counter, and just half way, a little closer to the meat counter, suddenly both feet went out and I fell. Both feet slipped out from under me. I fell backward, that is, my feet went forward and I struck the floor. . . . There was a damp place on the floor, looked like oil. It appeared to be oil and had dried more in some places than in others. Where I stepped was one of the damp places. Some of the planks at this place looked practically dry, and then there were streaks on them that looked damp as if it was damp with oil and it was more so in the place where I walked. I walked through the place that seemed to be more than any other part of the floor. There seemed to be on part of the boards little streaks that didn't seem to be perfectly dry. I could detect the exact point where I slipped and at that point there was a greater accumulation of oil where I stepped. . . . My hose had a big spot of oil on them." There was evidence corroborating the testimony of plaintiff, and other evidence tending to show that she had sustained permanent and painful injury as a result of the fall.

The defendant denied all allegations of negligence and offered evidence tending to show that the floor was oiled Saturday night and that the plaintiff fell Monday morning shortly after the store opened for business.

Issues of negligence, contributory negligence and damages were submitted to the jury and answered in favor of plaintiff. The verdict awarded damages in the sum of $3,500.

From judgment upon the verdict the defendant appealed.

*Langston, Allen & Taylor for plaintiff.*
*Dickinson & Freeman for defendant.*

BROGDEN, J. The fact that a floor is oiled constitutes no evidence of negligence. Oiling is both customary and necessary, particularly in stores of the type and character described in the evidence. Nor does the mere fact that a customer falls in a store constitute evidence of negligence for the reason that judicial utterances upon the subject concur in the view that *res ipsa loquitur* does not apply to injuries resulting from slipping or falling, occasioned by the presence of grease or oil upon the floors of a store.

Considering the evidence in the case at bar with that liberality which the law requires, it would appear as a reasonable inference that the floor was not properly oiled, in that oil had been permitted to accumulate on the floor at a place where customers were invited to inspect the merchandise displayed. The ultimate question is whether the evidence brings the case within the rules of liability heretofore announced in *Bowden v. Kress*, 198 N. C., 559, 152 S. E., 625. The Court is of the

opinion that there was some evidence of negligence to be submitted to the jury, and hence *Bowden v. Kress, supra,* would govern.

The defendant undertook to show that three hundred customers entered the store on the day plaintiff fell, and that no one else sustained injury. Doubtless this evidence was offered for the purpose of refuting the theory that the floor was improperly oiled. The trial judge excluded the evidence, but it appears from a notation in the record that counsel on each side, without objection, argued to the jury that there were three hundred people present in the store on the day plaintiff was injured. So that, if it be conceded that the excluded evidence was competent, nevertheless, the defendant had the full benefit of every inference which could be drawn from such testimony.

There are other exceptions in the record, but a careful examination of them fails to produce the conviction that substantial error was committed in the admission of evidence.

No error.