### MRS. J. A. FOX v. THE GREAT ATLANTIC AND PACIFIC TEA COMPANY.

(Filed 11 December, 1935.)

Negligence A c—Patron slipping and falling on floor of store must show negligence in order to recover for injuries sustained.

Evidence tending to show that plaintiff, while a patron in defendant's store, slipped on a beet lying on the floor of the store between vegetable bins and fell to her injury, without evidence as to how the beet got on the floor or how long it had been there, is insufficient to resist defendant's motion to nonsuit, since the doctrine of *res ipsa loquitur* is inapplicable and plaintiff must show negligence on the part of defendant.

APPEAL by the plaintiff from *McElroy, J.,* at May Term, 1935, of GUILFORD. Affirmed.

This is an action to recover damages for personal injuries alleged to have been proximately caused by the negligence of the defendant.

On the morning of 26 June, 1934, between ten o'clock and noon, the plaintiff went to the store of the defendant, on West Market Street in the city of Greensboro, for the purpose of making a purchase of meat, and when she had gotten inside, two or three feet past the entrance, she stepped on a beet which was lying on the floor between the bins, where vegetables were placed for display and sale, which caused her to slip and injure her ankle and back.

There was no evidence tending to show how the beet got on the floor of the aisle between the vegetable bins, or how long it had been there before the plaintiff stepped on it and slipped.

At the close of the evidence for the plaintiff the action was dismissed by judgment as of nonsuit, and the plaintiff appealed.

*Younce & Younce* for *plaintiff, appellant.*
*Sapp & Sapp* for *defendant, appellee.*

PER CURIAM. Since there is no evidence of how the beet got upon the floor of the aisle, or of how long the beet had been upon the floor before the plaintiff stepped on it, there is no evidence of negligence on the part of the defendant. The defendant is not an insurer of the safety of those who enter its store for the purpose of making purchases, and the doctrine of *res ipsa loquitur* is not applicable. Before the plaintiff can recover she must, by evidence, establish actionable negligence on the part of the defendant, *Bowden v. Kress,* 198 N. C., 559; *Cooke v. Tea Co.,* 204 N. C., 495, and this she has failed to do.

The judgment is
Affirmed.