MRS. C. M. ANDERSON v. REIDSVILLE AMUSEMENT COMPANY, INC.

(Filed 2 March, 1938.)

**1. Trial § 22b—**

> Upon motion to nonsuit, the evidence must be viewed in the most favorable light for plaintiff.

**2. Trial § 24—**

> If there is any competent evidence tending to prove the fact in issue, the evidence must be submitted to the jury.

**3. Negligence § 4d—Evidence held sufficient for jury in this action to recover for injuries resulting from fall in theatre.**

> Evidence to the effect that a patron in a theatre slipped and fell in the foyer, that at the place of her fall there was some dark substance resembling grease which showed the imprint of plaintiff's shoe where it slipped, causing her to fall, *is held* sufficient to be submitted to the jury on the questions of negligence and proximate cause in plaintiff's action to recover for the resulting injury, although plaintiff's evidence on material aspects of the case is sharply contradicted by defendant's evidence.

**4. Same—**

> A patron purchasing a ticket and entering a theatre is an invitee.

**5. Same—**

> While the owner of the premises is not an insurer of the safety of invitees, he owes them the duty to use due care to avoid injury to them while on the premises.

**6. Same: Appeal and Error § 39d—Exclusion of evidence held not prejudicial in view of other like evidence introduced upon the trial.**

> In this action by a theatre patron to recover for injuries resulting from a fall in the foyer of the building, the exclusion of testimony of a witness that a large number of patrons were in the theatre on the same day and that none had fallen, tendered as negative evidence that excessive oil or wax had not been left at a spot on the floor where plaintiff fell, *is held* not prejudicial error in view of the admission of other evidence by defendant of the number of persons in the theatre that day, some of whom passed over the place where plaintiff fell, and the other evidence properly admitted on the trial.

APPEAL by defendant from *Phillips, J.,* at September Term, 1937, of the Superior Court of ROCKINGHAM.  No error.

This was an action to recover damages for a personal injury due to a fall in defendant's theatre.  It was alleged that defendant had negligently placed a quantity of oil or greasy substance on the floor, by reason of which plaintiff, a patron, was caused to slip and fall, sustaining serious injury.

The testimony of the plaintiff tended to show that she, in company with Mrs. Peeples, purchased a ticket at the front box office of defendant's building and entered the theatre; that between the box office and the main auditorium was the foyer or lobby, about eight feet wide, with a stairway leading upward to the balcony; that plaintiff and her companion walked down the right aisle of the main auditorium, and, finding all seats filled, turned and walked back up the aisle to the foyer, and turned to the left to go up the stairs to the balcony—about three steps from the aisle—when she slipped and fell on her left side.  Plaintiff testified: "I looked down in front of me where my foot had slipped and my footprint was there and some grease or oily substance right in that spot and a whole lot more there than any other place in the foyer.  I could see more at that particular place than anywhere else in the foyer. Mrs. Peeples and an attendant of the theatre helped me up the stairs and I was in considerable pain.  The substance on the floor there was an accumulation of some kind of grease.  It was dark, smudgy all along the side of my hose and shoes as if it might have been some kind of dark grease.  That was not on my clothes when I went into the theatre. Right in front of where I had fallen I looked down in front of me and there was kind of a print of my slipper where I had slipped, and it seemed to be a little more right there in that particular spot than in the rest of the foyer.  I could plainly see where my foot had slipped.  The light was very dim in the foyer; there was a little lamp over in the corner.  It didn't reflect the light down on that floor.  I think the place where I fell was covered with a rubberized linoleum.  I was watching where I was walking.  I had on low-heel sandals.  I had seen other folks, other patrons, going in the theatre walking over this rubberized linoleum just as I went in before, several of them.  I did not see anybody else except myself step where that accumulation of that stuff was on the floor.  It wasn't in the middle of the place; it was closer to the wall than the middle of the space.  In (I was) coming out of the aisle to go up the steps when I stepped in it.  The light they had up there had a small globe in this lamp, had a shade on it, a shade that came down over the light.  It throwed the light on this little landing, but not down on the foyer.  There was no light that I could see the floor plainly in the foyer.  I walked as I usually did when I came out of that aisle and started upstairs.  I looked where I was going."

Mrs. Peeples testified (by deposition) in substantial support of plaintiff's evidence as to the circumstances of plaintiff's fall. She further testified, without objection: "The floor to the foyer was covered with rubber. The rubber on the floor of the foyer had been waxed; it was very slick and shined like glass. The floor was slick and difficult to stand upon. The attendant and I helped Nannie Worth (the plaintiff) up and I had a hard time keeping my footage. Mrs. Anderson slipped and fell on her left side. She fell to the floor. She fell on her left side and could not get up. A young black-haired boy named Charles Phipps, an attendant there, and myself helped her up from the floor. Charles Phipps told us that the floor had just been waxed and that he thought it was very foolish for the theatre to wax a rubber floor because it made it entirely too slick. It was slippery and was hard to stand on, especially if you turned a corner."

It was also in evidence from defendant's witness that the defendant used liquid floor wax on this rubberized linoleum, and that it had been about two weeks since it was waxed.

Defendant offered evidence tending to show that the rubber composition with which the floor was covered was inspected daily; that it was mopped once or twice a week; that no oil was put upon it; that there was no accumulation of wax or oil or sticky substance at any place. Defendant also offered evidence tending to contradict plaintiff's evidence as to the circumstances and effect of her fall, and in contradiction of the alleged statement of one of defendant's attendants.

Defendant moved for judgment of nonsuit at the close of plaintiff's evidence and renewed its motion at the close of all the evidence, and duly excepted to the denial of these motions.

Issues of negligence, contributory negligence and damage were submitted to the jury and answered in favor of the plaintiff. From judgment for the plaintiff on the verdict defendant appealed, assigning errors.

*Glidewell & Glidewell and Claud S. Scurry for plaintiff, appellee.*
*Sapp & Sapp for defendant, appellant.*

DEVIN, J. Was there error in the denial of defendant's motion for judgment of nonsuit?

Upon a motion for nonsuit the uniform rule is that the evidence must be viewed in the most favorable light for the plaintiff, and if there is any competent evidence tending to prove the facts in issue, the case must be submitted to the jury. Considering the testimony offered in the instant case in accord with this rule, we are led to the conclusion that there was sufficient evidence of negligence on the part of the defendant,

proximately causing injury to the plaintiff, to warrant the submission of the case to the jury, and that defendant's motion for judgment of nonsuit was properly denied.

The plaintiff, a patron of defendant's theatre, purchased a ticket and entered the building at the implied invitation of the defendant. While the defendant was not an insurer of plaintiff's safety while on its premises, it did owe her the duty to exercise due care to avoid injury to her. As was said by this Court in *Bowden v. Kress,* 198 N. C., 559, 152 S. E., 625: "The general rule deduced from the authorities is that an owner or occupant of buildings who directly or by implication invites or induces others to enter therein owes a duty to such persons to exercise ordinary care to keep such premises in a reasonably safe condition and to give warning of hidden peril. The owner is not an insurer of the safety of the invitee while on the premises. *Leavister v. Piano Co.,* 185 N. C., 152, 116 S. E., 405; *Bohannon v. Stores Co.,* 197 N. C., 755." *Miller v. Sensenbrenner Mercantile Co.,* 33 A. L. R., 176, and note; *J. C. Penny v. Robinson,* 128 Ohio St., 626; 100 A. L. R., 705, and notes.

In *Bowden v. Kress, supra,* a customer in a store slipped on some oil on the floor and was injured. *Brogden, J.,* speaking for the Court in that case, in holding the evidence sufficient to be submitted to the jury, uses this language: "It is apparent that there was an accumulation of oil upon the floor where the plaintiff sustained her injury. This accumulation was unusual for the reason that the testimony tended to show that there was much more oil at this point than at any other point in the store. The print of plaintiff's shoe was observed in this patch of oil. These pertinent facts point unerringly to the conclusion that the oil was not properly applied or that it was applied in a negligent and unusual manner and had been in such condition for more than a week. Hence the trial judge properly submitted to the jury the question as to whether the condition had existed for such length of time as to have been discovered by the exercise of ordinary care."

In *Parker v. Tea Co.,* 201 N. C., 691, 161 S. E., 209, where a customer in a store slipped on oil on the floor, the evidence was strikingly similar to that of plaintiff in this action. In that case, in sustaining a recovery by the plaintiff, this Court said: "Considering the evidence in the case at bar with that liberality which the law requires, it would appear as a reasonable inference that the floor was not properly oiled, in that oil had been permitted to accumulate on the floor at a place where customers were invited to inspect the merchandise displayed."

In *Cooke v. Tea Co.,* 204 N. C., 495, 166 S. E., 336, where a customer slipped on a banana peeling just outside the door of the store, on the floor of the entrance to the store, nonsuit was sustained "in the absence of any evidence tending to show that the defendant was negligent."

And in *Fox v. Tea Co.,* 209 N. C., 115, 182 S. E., 662, where a customer slipped on a beet on the floor of the store and fell, nonsuit was sustained, the Court using this language: "Since there is no evidence how the beet got upon the floor of the aisle, or how long the beet had been upon the floor before the plaintiff stepped on it, there is no evidence of negligence on the part of the defendant." In *King v. Thackers,* 207 N. C., 869, 178 S. E., 95, where an employee slipped on some meal on the floor of the kitchen, recovery was denied on the ground of contributory negligence.

Defendant noted exception to the exclusion of the testimony of a witness that of a large number of patrons who were in the theatre that day none had fallen while walking over the same place where plaintiff fell. Though the evidence sought to be elicited in response to the question excluded was in some respects negative in character, it was not for that reason incompetent, but is usually regarded as of less probative value (*S. v. Murray,* 139 N. C., 540, 51 S. E., 775), and its admission would open the door to a variety of collateral questions. This is the ground upon which the admissibility of such evidence was denied in *Branch v. Libbey,* 78 Me., 321 (defect in street); *Newcomb v. R. R.,* 182 Mo., 687 (oil on platform); *Marvin v. New Bedford,* 158 Mass., 464 (hole in sidewalk); *Bauer v. Indianapolis,* 99 Ind., 56 (obstruction in sidewalk); *Temple Hall Assn. v. N. J. L.,* 260 (defect in street), and *Anderson v. Taft,* 20 R. I., 362 (defective street). In 2 Jones Com. on Ev., sec. 683, the author says: "The authorities are divided as to the relevancy of showing that other persons passed over the same walk or street without injury, the weight being against the admissibility of such evidence."

In *Parker v. Tea Co., supra,* similar testimony was excluded by the trial judge, and this Court, referring to the question, used this language: "The defendant undertook to show that three hundred customers entered the store on the day plaintiff fell, and that no one else sustained injury. Doubtless this evidence was offered for the purpose of refuting the theory that the floor was improperly oiled. The trial judge excluded the evidence, but it appears from a notation in the record that counsel on each side, without objection, argued to the jury that there were three hundred people present in the store on the day plaintiff was injured. So that if it be conceded that the excluded evidence was competent, nevertheless the defendant had the full benefit of every inference which could be drawn from such testimony."

In the case at bar the defendant was permitted to offer evidence tending to show that four hundred and seventy-five persons were in the theatre that day, some of whom had passed over the same place where plaintiff fell, and plaintiff testified she had seen others going in the theatre walking over this rubberized linoleum, but she said, "I did not see anybody else except myself step where that accumulation of that stuff was on the floor."

In view of all the evidence, properly admitted and before the jury, we are unable to say that the exclusion of the testimony offered by the defendant under the circumstances was prejudicial, or that it affected the result.

Defendant noted numerous exceptions to the judge's charge to the jury, but upon examination of the charge as a whole we find it free from error.

The case seems to have been fairly presented to the jury, and we find no sufficient ground to warrant the overthrow of the verdict of the triers of the facts on the issues submitted or to vacate the judgment of the court thereon.

No error.