## PAUL W. BROWN v. MONTGOMERY WARD & COMPANY.

(Filed 10 April, 1940.)

**1. Negligence § 4d—**

The proprietor of a store is not an insurer of the safety of its patrons but is under duty to exercise due care to keep the premises in a reasonably safe condition and to give warning of any hidden peril.

**2. Same—**

In order to hold a store proprietor responsible for injury to a patron caused by some article or substance on the floor at a place where customers may be expected to walk, the customer must show that the pro-

prietor either placed or permitted the substance to be there, or knew or by the exercise of due care should have known of its presence in time to have removed the danger or given proper warning of its presence.

**3. Evidence § 42d—**

Plaintiff was injured when he slipped and fell on oil or grease on the floor near a washing machine on display as he was going towards his wife who was inspecting rugs in another part of the store. Plaintiff testified that after he fell, the rug salesman made a declaration to the effect that the oil was from the washing machine which was "leaking again." *Held:* The declaration was not a part of the *res gestæ* and the testimony should have been excluded as hearsay.

**4. Appeal and Error § 39d—**

The admission of incompetent testimony is rendered harmless by the later admission of testimony of the same import by another witness without objection.

**5. Appeal and Error § 40e—**

Where incompetent evidence is admitted in support of plaintiff's cause of action, the fact that had such evidence been excluded plaintiff might have offered competent evidence upon the point, will be considered by the Supreme Court in passing upon defendant's exception to the refusal of its motions for judgment of nonsuit.

**6. Same: Negligence § 4d—Defendant held not entitled to nonsuit on this appeal from judgment in favor of customer injured in fall in store.**

Plaintiff's evidence tended to show that while he was a customer in defendant's store, he slipped on oil or grease on the floor of an aisle and fell to his injury. Incompetent testimony of a declaration of defendant's rug salesman to the effect that the oil or grease came from a washing machine on display which was "leaking again," was admitted over objection. Defendant contended that the only evidence tending to show the source of the oil or grease or that it had been on the floor for a sufficient length of time to give defendant express or implied knowledge of its presence, was the incompetent testimony of the declaration, and that therefore it is entitled to judgment as of nonsuit. *Held:* There being testimony of another witness to the same declaration, admitted without objection, the testimony objected to was rendered harmless, and further, since plaintiff might have offered competent evidence of such fact had the incompetent testimony been excluded, defendant's contention cannot be sustained.

**7. Negligence § 20—**

An instruction on the issue of contributory negligence to the effect that plaintiff would not be entitled to recovery if his negligence was the proximate cause of the injury *held* for error in failing to charge on the question of concurring negligence that recovery would also be barred if plaintiff's negligence was one of the proximate causes of the injury.

APPEAL by defendant from *Gwyn, J.,* at January Term, 1940, of CATAWBA. New trial.

This was an action for damages for personal injury due to a fall in defendant's store, alleged to have been caused by defendant's negligence.

BROWN *v.* MONTGOMERY WARD & CO.

Plaintiff's evidence tended to show that about 1 p.m., 1 February, 1939, he and his wife were prospective customers in defendant's department store in the city of Hickory, on the second floor, in the furniture section. While plaintiff's wife was engaged with one of defendant's salesmen in examining some rugs, and plaintiff was looking at other articles in another part of the room, plaintiff started walking toward his wife in response to her call, when his foot slipped on some grease on the floor and he fell, sustaining injury. It was observed after his fall that there was grease or oil on the floor covering a space of ten or twelve inches, and that the grease appeared to be coming from underneath a washing machine located on a small platform six inches from the floor. The grease or oil appeared to be dripping from the washing machine on to the platform and running off on the floor, forming a puddle. The place was not well lighted and plaintiff did not see the grease on the floor before he fell. Over objection of defendant, plaintiff was permitted to testify that shortly after he fell he heard defendant's salesman, head of rug or furniture department, speaking of the grease on the floor, say, "It is the washer leaking again."

Defendant's evidence tended to show that there had been no grease or oil or other substance on the floor immediately before plaintiff fell, and that after he was discovered to have fallen there was, at the spot, kerosene oil on the floor; that there was also found at the same time kerosene oil on the wringer post of the washing machine, whence it had run down to the platform, but nothing to show where the oil had come from; that no kerosene was used or kept on or about the washing machine, or in that department; that the heavy packing oil in the washing machine was not fluid enough to run or drip, and was enclosed in the casing of the machine, bolted and sealed, with no crack or seam. The washing machine was new and was being exhibited for sale. The place was well lighted. Plaintiff previously had been employed by defendant in one of its stores in another state.

Issues of negligence, contributory negligence and damage were answered by the jury in favor of the plaintiff. From judgment on the verdict, defendant appealed.

*Whitlock, Dockery & Shaw for plaintiff, appellee.*
*Theodore F. Cummings for defendant, appellant.*

DEVIN, J. The duty of proprietors of buildings with respect to invitees on their premises has been frequently stated in the decisions of this Court (*Bowden v. Kress,* 198 N. C., 559, 152 S. E., 625; *Anderson v. Amusement Co.,* 213 N. C., 130, 195 S. E., 386), and in those of other jurisdictions (*Kresge v. Fader,* 116 Ohio St., 718, 58 A. L. R.,

132). The concensus of these authorities is that the occupant of premises to which others are invited to come for business or pleasure owes to such persons the duty to exercise due care to keep the premises in a reasonably safe condition and to give warning of any hidden peril. The proprietor, however, is not an insurer of safety, and, when claim is made on account of injury caused by some article or substance on the floor along and upon which customers may be expected to walk, in order to justify recovery it must be made to appear that the proprietor either placed or permitted the harmful substance to be there, or that he knew or by the exercise of due care should have known of its presence in time to have removed the danger or given proper warning of its presence. *Fox v. Tea Co.,* 209 N. C., 115, 182 S. E., 662; *Cooke v. Tea Co.,* 204 N. C., 495, 168 S. E., 679; *Parker v. Tea Co.,* 201 N. C., 691, 161 S. E., 209; *Robinson v. Woolworth,* 80 Mont., 431. As was said in *Cummings v. R. R., ante,* 127, "There must be legal evidence of every material fact necessary to support the verdict."

In the instant case the appellant urges the view that its motion for judgment of nonsuit should have been allowed, for the reason that plaintiff's evidence fails to show the source of the grease or oil, either that it was put there by defendant or that it had been on the floor at the place where plaintiff fell for a sufficient length of time to constitute evidence of knowledge of its presence on the part of defendant, and that the only material evidence on this point was the plaintiff's testimony as to the declaration of one of defendant's salesmen to the effect that the grease came from the washing machine which was "leaking again." Defendant insists that this evidence was incompetent, as being the declaration of an agent after the event, and that defendant's objection thereto should have been sustained and the evidence excluded from consideration.

We concur in the defendant's view that this testimony was incompetent and that objection thereto should have been sustained. The declaration of this salesman, who was the salesman in charge of the rug and furniture department and at the time engaged in showing rugs to plaintiff's wife, was made after the plaintiff's fall and did not constitute part of the *res gestæ.* The testimony objected to was hearsay and incompetent. *Hubbard v. R. R.,* 203 N. C., 675, 166 S. E., 802; *Staley v. Park,* 202 N. C., 155, 162 S. E., 202; *Batchelor v. R. R.,* 196 N. C., 84, 144 S. E., 542; *Young v. Stewart,* 191 N. C., 297, 131 S. E., 735; *Nance v. R. R.,* 189 N. C., 638, 127 S. E., 635; *Queen v. Ins. Co.,* 177 N. C., 34, 97 S. E., 741; 76 A. L. R., 1132; *Smith v. R. R.,* 68 N. C., 107; 20 Am. Jur., 571.

The defendant further contends that the elimination of this testimony would entitle it to have its motion for judgment of nonsuit allowed. But we cannot reach that conclusion for two reasons: (1) another wit-

ness later testified without objection to the same declaration, thus rendering harmless the error complained of (*Wolfe v. Smith,* 215 N. C., 286, 1 S. E. [2d], 815), and (2) it has been several times held with us that where a plaintiff's case depends upon incompetent testimony which has been erroneously admitted, this Court will consider the fact that if the court below had excluded the testimony, the plaintiff might have offered other competent evidence of the fact. This was the ruling in *Morgan v. Benefit Society,* 167 N. C., 262, 83 S. E., 439, and *Midgett v. Nelson,* 212 N. C., 41, 192 S. E., 854, where new trials were awarded and nonsuit denied.

The defendant assigns as error a portion of the judge's charge on the issue of contributory negligence. The court charged the jury as follows: "The court charges you, that if the defendant has satisfied you from the evidence, and by its greater weight—the burden being upon the defendant—that the plaintiff, on the occasion in question was negligent, and that such negligence on the part of the plaintiff was the proximate cause of his injury and damage, then, upon such finding by the greater weight of the evidence, it would be your duty to answer the second issue yes. But, if the defendant has failed to so satisfy you, it will be your duty to answer the issue No."

The vice of this instruction is that it omits the essential element of concurring negligence, as pointed out in *Wright v. Grocery Co.,* 210 N. C., 462, 187 S. E., 564, where a new trial was awarded for a similar error.

For the errors pointed out, there must be a

New trial.