Civil actions by owner of taxicab and its driver to recover damages for alleged negligent injuries to both cab and driver, by consent, consolidated and tried together as the two actions arose out of the same circumstances.
It is in evidence that on 5 November, 1946, there was a collision at the West Point Avenue grade crossing in High Point, N.C. between a Noah's Ark Taxicab, owned by W. L. Noah and operated at the time by Glover B. Reynolds, and the diesel-powered locomotive of a northbound fast passenger train No. 36, of the Southern Railway Company driven by engineer C. M. Rives.
The evidence is in sharp conflict on the issues of negligence, contributory negligence and damages, save perhaps the damage to the taxicab which seems to have received but little attention.
There was a verdict and judgment for the plaintiff in each case, from which the defendants appeal, assigning errors.
A careful perusal of the record leaves us with the impression that a new trial must be awarded for error in the charge on the issue of contributory negligence.
"To constitute contributory negligence," the jury was instructed on several occasions, "the defendants must satisfy you on the second issue, by the greater weight of the evidence, that the plaintiff was negligent, *Page 177 
and that his negligence was the proximate cause of the injury. . . . The mere fact that plaintiff is negligent would not warrant you in answering the issue against the plaintiff. It would be necessary for the defendants to go further and satisfy you, by the greater weight of the evidence, not only that Reynolds was negligent in operating the taxi, but that his negligence was the proximate cause of the injury."
The objection to this instruction is, that it omits the essential elements of concurring negligence, as pointed out in Brown v. MontgomeryWard, 217 N.C. 368, 8 S.E.2d 199, and Wright v. Grocery Co.,210 N.C. 462, 187 S.E. 564, where new trials were awarded on similar instructions.
The plaintiff's negligence need not be the sole proximate cause of the injury to bar recovery, for "contributory negligence," ex vi termini, signifies contribution rather than independent or sole proximate cause.Tyson v. Ford, 228 N.C. 778, 47 S.E.2d 251. It is enough if it contribute to the injury as a proximate cause, or one of them. Godwin v. R.R., 220 N.C. 281, 17 S.E.2d 137. The plaintiff may not recover in an action like the present, when his negligence concurs with the negligence of the defendant in proximately producing the result. Tarrant v. Bottling Co.,221 N.C. 390, 20 S.E.2d 565.
For error as indicated a new trial seems necessary. It is so ordered.
New trial.