KATHERINE S. BARNES v. HOTEL O.HENRY CORPORATION.

(Filed 7 January, 1949.)

**1. Negligence § 4f (2)—**

An innkeeper is required only to exercise due care to keep his premises in a reasonably safe condition and to give his guests warning of any hidden peril.

**2. Negligence § 4d—**

Evidence that plaintiff slipped and fell upon a waxed or polished floor and that her heel left a "deep furrow" or "skid mark" on the floor, is insufficient to overrule defendant's motion to nonsuit in the absence of evidence that any unusual material was used on the floor or that it had been applied in an improper, unusual or negligent manner, since *res ipsa loquitur* does not apply.

APPEAL by plaintiff from *Bobbitt, J.,* at September Term, 1948, of GUILFORD, Greensboro Division.

This is a civil action to recover for personal injuries, which the plaintiff alleges she sustained on 29 November, 1946, as the result of a fall caused by a heavy coat of wax on the composition and marble floor in the vestibule at the entrance to the elevators on the third floor of the O.Henry Hotel, in Greensboro, N. C.

The plaintiff testified she was a regular guest of the hotel, having lived there for nearly twelve years. She came out of her room on the above date, about 4:00 p.m., and walked over the strip of carpet in the hall to the vestibule or elevator entrance. When she got to the elevator entrance she looked at the whole area and saw nothing out of the ordinary. As she put her left foot on the marble strip her left heel shot out from under her and it went in sort of "diagonal position to the left. . . . When I got myself up in a little bit, I looked around to see what happened and I saw what looked to me like a deep furrow from where my left heel had struck the marble, . . . and I punched the bell and went down on the elevator . . ., got off the elevator, and stopped and talked to Mr. Padgett, the assistant manager of the hotel, at the desk. He then went back upstairs with me. When we got back upstairs I showed him the condition I have just stated to the jury, including the skid mark. . . . He said, 'You go on to your room until the doctor comes, and I'll have this cleaned up right away.'"

The plaintiff further testified that she had gone over the marble and composition floor in this vestibule probably more than seven thousand times; that she had been by this place three, four, five or six times a day for more than ten years; that at this particular time when she approached it, its appearance was no different than at other times, in so far as she could see.

At the close of plaintiff's evidence, the defendant moved for judgment as of nonsuit. The motion was granted and the plaintiff appeals and assigns error.

*King & King and R. M. Robinson for plaintiff.*
*Smith, Wharton, Sapp & Moore for defendant.*

DENNY, J.  Did the court below commit error in granting the defendant's motion for judgment as of nonsuit?  We do not think so.

An innkeeper is not an insurer of the personal safety of his guests. He is only required to exercise due care to keep his premises in a reasonably safe condition and to give his guests or invitees warning of any hidden peril. *Schwingle v. Kellenberger,* 217 N. C. 577, 8 S. E. (2) 918; *Sams v. Hotel Raleigh,* 205 N. C. 758, 172 S. E. 371; *Jones v. Bland,* 182 N. C. 70, 108 S. E. 344; *Patrick v. Springs,* 154 N. C. 270, 70 S. E. 395; 43 C. J. S., Innkeepers, Sec. 22, p. 1173; 28 Amer. Jur., Innkeepers, Sec. 56, p. 578.

The appellant is relying on the rule of liability stated in *Anderson v. Amusement Co.,* 213 N. C. 130, 195 S. E. 386; *Parker v. Tea Co.,* 201 N. C. 691, 161 S. E. 209; and *Bowden v. Kress,* 198 N. C. 559, 152 S. E. 625. An examination of these decisions will disclose that in each case the owner of the store or theatre had applied oil, grease, wax or some similar substance to the floor in an improper, unusual or negligent manner, causing the patron or invitee to fall.

In the instant case the plaintiff alleges there was a heavy coat of wax on the floor where she fell, which had been applied uniformly and smoothly over the entire floor of the vestibule or entrance to the elevators. At the trial, however, she offered no evidence to show what the substance was on the floor or what caused her to fall.  Once in her testimony she did state that after she fell she looked around to see what happened and saw what looked like a "deep furrow" from where her left heel had struck the marble, but at other times she referred to the mark on the floor as "the skid mark."  There is no evidence to the effect that any unusual material had been used in cleaning or polishing the floor or that such material had been applied in an improper, unusual or negligent manner.  In fact, plaintiff offered no evidence tending to show that any substance had been placed on the floor except as it may be inferred from her testimony as to the "deep furrow" or "skid mark."  On the other hand, she testified that the marble and composition floor in the vestibule where she fell, was no different in its appearance than at other times, in so far as she could see.

The fact that a floor is waxed does not constitute evidence of negligence.  Nor does the mere fact that one slips and falls on a floor constitute evidence of negligence.  *Res ipsa loquitur* does not apply to injuries

resulting from slipping or falling on a waxed or oiled floor. *Parker v. Tea Co., supra.* In order to recover for an injury, resulting from a fall on such a floor, it is necessary to show "defective or negligent construction or maintenance" and "express or implied notice of such defects." *Sams v. Hotel Raleigh, supra; Pratt v. Tea Co.,* 218 N. C. 732, 12 S. E. (2) 242.

It seems to be the general rule that an action will not be sustained against the owner or lessee of a building, founded solely upon the fact that a patron or invitee was injured by slipping on a waxed or polished floor, where the floor had been waxed or polished in the usual and customary manner and with material in general use for that purpose. *Brown v. Davenport Holding Co.,* 134 Neb. 455, 279 N. W. 161, 118 A. L. R. 423; *Ilgenfritz v. Missouri Power & Light Co.,* 340 Mo. 648, 101 S. W. (2) 723; *McCann v. Gordon,* 315 Pa. 367, 172 A. 644; *Smith v. Union New Haven Trust Co.,* 121 Conn. 369, 185 A. 81; *Herrick v. Breier,* 59 Idaho 171, 82 P. (2) 90; *Kay v. Audet,* 306 Mass. 337, 28 N. E. (2) 462; *Spickernagle v. Woolworth,* 236 Pa. 496, 84 A. 909, Ann. Cas. 1914 A. 132.

The evidence adduced in the trial below, when considered in the light most favorable to the plaintiff, is insufficient to justify its submission to the jury.

The ruling of the court below is

Affirmed.