SUSIE HARRIS v. MONTGOMERY WARD & COMPANY.

(Filed 25 May, 1949.)

**1. Negligence § 4f (2)—**

The mere fact that a patron slips and falls on a waxed or polished floor is insufficient to impose liability upon the proprietor, since *res ipsa loquitur* does not apply and the mere waxing or polishing of a floor is not *ipso facto* evidence of negligence, but in order to justify recovery it must be made to appear that the proprietor either placed or permitted a harmful substance to be on the floor, or that a harmful substance had been there for a sufficient length of time to constitute constructive notice to him of its presence.

**2. Same—**

Plaintiff's evidence tended to show that she slipped and fell on a small greasy place on the floor of defendant's store, that a few days theretofore a commercial preparation had been used on the floor which was slick if not properly applied, and that after its application on Saturdays the floor was always gone over each Monday morning in order to be sure there were no slick places left. *Held:* Considering the evidence in the light most favorable to plaintiff and giving her the benefit of every reasonable inference therefrom, it was sufficient to be submitted to the jury upon the issue of negligence.

**3. Negligence §§ 5, 6—**

Where there is evidence of concurring negligence, the negligence of a person sought to be charged need not be the sole proximate cause of the injury but is sufficient to support recovery if it be one of the proximate causes thereof; but in the absence of evidence of concurring negligence, the negligence of defendant must be the proximate cause of the injury, since if plaintiff is also guilty of negligence, plaintiff's contributory negligence would bar recovery.

**4. Negligence § 20—**

In this action against a single defendant there was no evidence of concurring negligence. *Held:* An instruction that defendant's negligence need not be the sole and only proximate cause of the injury but that the burden is on plaintiff to show by the greater weight of the evidence that negligence on the part of defendant was a proximate cause, or one of the proximate causes, of the injury, constitutes error prejudicial to defendant, since under the instruction contributory negligence of plaintiff would not bar recovery.

APPEAL by defendant from *Bobbitt, J.,* at November Term, 1948, of GUILFORD.

This is a civil action to recover damages for personal injuries.

The defendant is engaged in the mercantile business in the City of Greensboro. The plaintiff, with her husband, entered the store of the defendant in the afternoon on 7 May, 1947, a little before five o'clock. She testified: "I went upstairs and bought several things and came back downstairs and was just walking along across the floor and stepped in a little greasy place and my feet commenced to slip. My right foot slipped . . . I reached for the counter . . . and that made me fall back on my right side." The little greasy spot, according to the testimony of the plaintiff and her husband, was about half as large as one's hand and was located in the "walkway." The plaintiff suffered a broken leg.

C. V. Stack, a former employee of the defendant, was offered as a witness for the plaintiff, and testified: "I had observed the condition of the floors down there on this day, the floor where she fell, because they had just Myco-sheened it or whatever they call that they put on the floor. I presume the whole floor was like the condition of the floor at the point where she fell. . . . The floor had been Myco-sheened that evening; in fact I am not sure whether it was in the process or had been completed all over, but oughn't to have been in the process because it happened very late. Rufus Cornelius did the actual work. . . . I could not say the floor was any different in that particular place than it was in the rest of the building or what he had completed of the building. I know the Myco-sheen had been applied . . . Myco-sheen had been applied to the place where she fell."

The plaintiff also introduced in evidence the adverse examination of Rufus Cornelius, an employee of the defendant at the time of the accident, who testified he was the janitor; that no oil was used on the floor of the defendant's store, but a preparation called Myco-sheen; that Myco-sheen is slick if it is not put down right; that Myco-sheen was used to keep the floor moist, to keep the dust down; that the "floors are dirty and the oil keeps the dust off the merchandise"; that "I always put it down on Saturday night . . . so by Monday morning it was in good shape, and I checked it first thing. I would sweep to be sure there was no slick or dirty places I didn't miss. . . . We Myco-sheen the floor about once a month to clean the floor. I do not know how many weeks it had been before this that the Myco-sheen had been put on the floor. It has been done so long I am not sure when it had been done."

From a verdict and judgment for plaintiff, defendant appeals and assigns error.

*A. Stacy Gifford and James E. Coltrane for plaintiff.*
*Frazier & Frazier for defendant.*

DENNY, J. The appellant seriously contends its motion for judgment as of nonsuit, interposed at the close of plaintiff's evidence and renewed at the close of all the evidence, should have been sustained.

Ordinarily an action against an owner or lessee of a building cannot be sustained where it is founded solely upon the fact that a patron or invitee was injured by slipping on a waxed or polished floor, where the floor had been waxed or polished in the usual and customary manner and with material in general use for that purpose. *Barnes v. Hotel Corp.,* 229 N.C. 730, 51 S.E. 2d 180, and the cases cited therein.

The fact that a floor is waxed or polished is not *ipso facto* evidence of negligence. *Res ipsa loquitur* does not apply to injuries resulting from slipping or falling on a waxed or oiled floor. *Barnes v. Hotel Corp., supra; Pratt v. Tea Co.,* 218 N.C. 732, 12 S.E. 2d 242; *Parker v. Tea Co.,* 201 N.C. 691, 161 S.E. 209; *Bowden v. Kress,* 198 N.C. 559, 152 S.E. 774. Moreover, the proprietor of a store is not an insurer of the safety of his customers; and when an action is brought against him to recover for an injury resulting from a fall, caused by some substance on the floor where customers may be expected to walk, "in order to justify recovery it must be made to appear that the proprietor either placed or permitted the harmful substance to be there, or that he knew or by the exercise of due care should have known of its presence in time to have removed the danger or given proper warning of its presence." *Brown v. Montgomery Ward & Co.,* 217 N.C. 368, 8 S.E. 2d 199; *Fox v. Tea Co.,* 209 N.C. 115, 182 S.E. 662; *Sams v. Hotel Raleigh,* 205 N.C. 758, 172

S.E. 371; *Cooke v. Tea Co.,* 204 N.C. 495, 168 S.E. 679; *Parker v. Tea Co., supra; Bohannan v. Stores Company, Inc.,* 197 N.C. 755, 150 S.E. 356.

We concede this is a border line case. However, the plaintiff offered evidence to the effect that an employee of the defendant applied Myco-sheen on the floor where the plaintiff fell only a short time before the accident, and that plaintiff's fall was caused by slipping on a little greasy, slick spot on the floor. The plaintiff also offered evidence to the effect that Myco-sheen is slick if not properly applied, and when it is applied on Saturday night the floor is always gone over on Monday morning in order to be sure there are no slick places.

In applying the law to the facts in this case, the question to be answered is simply this: Was plaintiff's evidence, when considered in the light most favorable to her and she is given the benefit of every reasonable inference to be drawn therefrom, sufficient to carry the case to the jury? We have concluded this question must be answered in the affirmative. *Brown v. Montgomery Ward & Co., supra; Anderson v. Amusement Co.,* 213 N.C. 130, 195 S.E. 386; *Parker v. Tea Co., supra; Bowden v. Kress, supra.*

The appellant excepts and assigns as error the following portions of his Honor's charge: "Now the burden of proof upon this issue rests upon the plaintiff to satisfy you from the evidence and by its greater weight that the defendant, Montgomery Ward & Company, was negligent in one of the respects alleged, one or more of the respects alleged, and that such negligence on its part constituted the proximate cause, or one of the proximate causes of the plaintiff's injuries. . . . There may be two or more proximate causes of an injury. The plaintiff, in order to establish actionable negligence, is not required to satisfy the jury from the evidence and by its greater weight that negligence on the part of the defendant constituted the sole or only proximate cause of the injury. It is required, however, that the plaintiff satisfy the jury from the evidence and by its greater weight that negligence on the part of the defendant was a proximate cause, or one of the proximate causes, of the injury."

It is sufficient on the issue of primary negligence for a plaintiff to satisfy the jury from the evidence and by its greater weight that the negligence on the part of the defendant was a proximate cause or one of the proximate causes of his injury, where the evidence also tends to show that the negligence of some other person or agency concurred with the negligence of the defendant in producing plaintiff's injury. *Rattley v. Powell,* 223 N.C. 134, 25 S.E. 2d 448; *Sample v. Spencer,* 222 N.C. 580, 24 S.E. 2d 241; *Henderson v. Powell,* 221 N.C. 239, 19 S.E. 2d 876; *Gold v. Kiker,* 216 N.C. 511, 5 S.E. 2d 548; *Lewis v. Hunter,* 212 N.C. 504, 193 S.E. 814; *Wachovia Bank & Trust Co. v. Southern Ry.*

*Co.,* 209 N.C. 304, 183 S.E. 620; *Campbell v. R. R.,* 201 N.C. 102, 159 S.E. 327. But when there is no evidence of such concurring negligence, as in this case, then the negligence of the defendant must be the proximate cause of the injury, otherwise the plaintiff is not entitled to recover. *Wood v. Telephone Co.,* 228 N.C. 605, 46 S.E. 2d 717; *Montgomery v. Blades,* 222 N.C. 463, 23 S.E. 2d 844; *Luttrell v. Mineral Co.,* 220 N.C. 782, 18 S.E. 2d 412; *Mitchell v. Melts,* 220 N.C. 793, 18 S.E. 2d 406; *Murray v. R. R.,* 218 N.C. 392, 11 S.E. 2d 326; *Little v. Martin Furniture Co.,* 200 N.C. 731, 177 S.E. 796. For the contributory negligence of a plaintiff would defeat a recovery in an action such as this, even though the plaintiff's negligence was but one of the proximate causes of the injury, and not the sole proximate cause. *Tyson v. Ford,* 228 N.C., 778, 47 S.E. 2d 251; *Riggs v. Gulf Oil Corp.,* 228 N.C. 774, 47 S.E. 2d 254; *Davis v. Jeffreys,* 197 N.C. 712, 150 S.E. 488.

For the reasons stated, we think the defendant is entitled to a new trial. Therefore, it becomes unnecessary to consider or discuss the remaining assignments of error.

New trial.