72 S.E.2d 33 (1952)
236 N.C. 83
LEE
v.
H. L. GREEN & CO., Inc.
No. 671.
Supreme Court of North Carolina.
August 22, 1952.
*34 H. L. Koontz and Clyde A. Shreve, Greensboro, for plaintiff-appellant.
Smith, Sapp, Moore & Smith, Greensboro, for defendant-appellee.
JOHNSON, Justice.
The evidence in this case when analyzed in the light of the controlling principles of law is sufficient, we think, to make out a prima facie case of actionable negligence for the jury.
Those entering a store during business hours to purchase or look at goods do so at the implied invitation of the proprietor, upon whom the law imposes the duty of exercising ordinary care (1) to keep the aisles and passageways where customers *35 are expected to go in a reasonably safe condition, so as not unnecessarily to expose the customer to danger, and (2) to give warning of hidden dangers or unsafe conditions of which the proprietor knows or in the exercise of reasonable supervision and inspection should know. Ross v. Sterling Drug Store, 225 N.C. 226, 34 S.E.2d 64; Watkins v. Taylor Furnishing Co., 224 N.C. 674, 31 S.E.2d 917; Brown v. Montgomery Ward & Co., 217 N.C. 368, 8 S.E.2d 199; Parker v. Great Atlantic & Pacific Tea Co., 201 N.C. 691, 161 S.E. 209; Bowden v. S. H. Kress & Co., 198 N.C. 559, 152 S.E. 625.
However, such proprietor is not an insurer of the safety of customers and invitees who may enter the premises, and he is liable only for injuries resulting from negligence on his part. Pratt v. Great Atlantic & Pacific Tea Co., 218 N.C. 732, 12 S.E.2d 242; Bowden v. S. H. Kress & Co., supra.
Moreover, the doctrine of res ipsa loquitur does not apply to injuries resulting from slipping or falling on the floor of a store which has been oiled. Harris v. Montgomery Ward & Co., 230 N.C. 485, 53 S.E.2d 536; Parker v. Great Atlantic & Pacific Tea Co., supra; Bowden v. S. H. Kress & Co., supra.
Therefore, it is not negligence per se to have an oiled floor in a store, or to apply oil to a floor, if it is applied in a reasonably prudent manner. The standard of care which the law requires of a storekeeper in oiling floors is that degree of care which persons of ordinary care and prudence are accustomed to use in oiling floors, having due regard both for the objects to be accomplished and the rights of those who are expected to frequent the store. Thus, in order for an injured person to recover in such a case, ordinarily there must be evidence sufficient to support the inference that from want of ordinary care on the part of the proprietor thte floor was improperly oiled and left in an unsafe condition. Parker v. Great Atlantic & Pacific Tea Co., supra; Bowden v. S. H. Kress & Co., supra. See also: 38 Am.Jur., Negligence, Sec. 136, p. 798; 65 C.J.S., Negligence, § 81, p. 589.
We think the evidence here, when viewed with the degree of liberality required on motion for nonsuit, was sufficient to sustain, though not necessarily to impel, a jury finding of all the essential elements of actionable negligence: (1) That prior to the plaintiff's fall the defendant had applied or caused to be applied upon and allowed to remain on its basement floor an oily floor dressing or covering of some type which was of a slick and slippery nature, and respecting which the defendant failed to exercise ordinary care by permitting it to be applied and to accumulate and remain on the floor in such quantities and condition, more in some places than in others and dry in some places and wet in others, so as to render unsafe passage along and about the aisles and display counters where customers and invitees were expected to go, thus creating a danger which in the exercise of ordinary care was not observable by the plaintiff but of which the defendant was chargeable with notice and failed to exercise due care to give plaintiff warning; and (2) that the plaintiff slipped and fell at a place in the aisle where, from want of due care on the part of the defendant, the oily substance had been applied in excessive quantity or left wet upon the floor without timely notice, and that the plaintiff's fall and injuries resulted from the unsafe condition so created and existing, and were proximately caused by the improper and negligent manner in which the oily floor dressing was so applied or left by the defendant on the floor without notice to the plaintiff.
That the evidence offered below is sufficient to carry the case to the jury is supported by well-considered decisions of this Court, among which these seem to be closely in point: Bowden v. S. H. Kress & Co., supra; Parker v. Tea Co., supra; Anderson v. Reidsville Amusement Co., 213 N.C. 130, 195 S.E. 386. Also, for numerous supporting decisions from other jurisdictions, see Annotations: 33 A.L.R. 181; 43 A.L.R. 866; 46 A.L.R. 1111; 100 A.L.R. 710; 162 A.L.R. 949.
*36 In Parker v. Tea Co., supra [201 N.C. 691, 161 S.E. 209], the controlling facts are strikingly similar to those shown by the evidence in the instant case. In the Parker case, the plaintiff slipped and fell in a grocery store as she was walking toward the meat counter. The fall occurred on Monday morning after the floor had been oiled the previous Saturday night. The gist of plaintiff's narrative of the occurrence is as follows: " `Both feet slipped out from under me. * * * There was a damp place on the floor, looked like oil. It appeared to be oil and had dried more in some places than in others. Where I stepped was one of the damp places. Some of the planks at this place looked practically dry, and then there were streaks on them that looked damp as if it was damp with oil and it was more so in the place where I walked. * * * There seemed to be on part of the boards little streaks that didn't seem to be perfectly dry. I could detect the exact point where I slipped and at that point there was a greater accumulation of oil * * * My hose had a big spot of oil on them.'" The evidence offered was held sufficient to support the inference that the floor was improperly oiled, and Bowden v. S. H. Kress & Co., supra, was cited as controlling authority.
The defendant seeks to distinguish the instant case from Parker v. Tea Co., supra, on the ground that here there is no direct evidence, as in the Parker case, that the defendant had caused the floor to be oiled. True, in the instant case, the plaintiff offered no direct testimony respecting when or by whom the alleged oily dressing was applied to the floor, or concerning the exact descriptive character of the substance found on the floor. Nor did anyone testify concerning the mode of procedure followed in applying the oil.
However, where, as here, a complaining party offers evidence tending to show a slick, oily floor condition, existing under circumstances pointing to some general type of previous oil treatment, showing fresh oil in some places and dry in others, thus indicating the application or accumulation of more oil in some places than others, we think the case may not be withdrawn from the jury simply because the plaintiff or her witnesses did not see the oil applied or know when or by whom it was applied or relate the precise details respecting the kind and quantities of oil applied or the mode of procedure followed in applying it. Where the facts in respect to these things are reasonably inferable from the plaintiff's evidence, as in the present case, it is not imperative, under pain of suffering a nonsuit, that the plaintiff go further and indulge in the exploratory procedure of looking for bystanders who were present when the floor was oiled, or calling to the stand employees of the defendant who may have first hand knowledge of the method followed in applying the oil. The essentials of a prima facie case do not require any such intensity of proofs nor precision as to details. 38 Am. Jur., Negligence, Sec. 333; 65 C.J.S., Negligence, § 243, pp. 1068 and 1074; Hulett v. Great Atlantic & P. Tea Co., 299 Mich. 59, 299 N.W. 807; Bennesch & Sons v. Ferkler, 153 Md. 680, 139 A. 557, cited in Bowden v. Kress & Co., supra.
In the instant case the existence of these elements of actionable negligence are reasonably inferable from the whole of the evidence. Pertinent as bearing thereon are these portions of the testimony of the plaintiff's husband, who said he examined the floor: "I looked all over it * * * all the way across it was greasy. * * * In some places grease and smudges on the floor were heavier * * * than in others. * * * In some places the oil or grease on the floor appeared to be dry. * * * It appeared to be fresh at some spots and dry at others. * * * The place where I observed my wife had fallen was slick."
Also, an examination of the facts in Parker v. Tea Co., supra, discloses that the direct evidence that the floor was oiled, as well as the details of the procedure followed in applying the oil, was introduced by the defendant after the plaintiff had offered her evidence and rested her case, and it is apparent that the evidence so offered by the *37 defendant was not of controlling or decisive importance on the question of nonsuit in the Parker case.
Factually distinguishable are the cases relied on by the defendant, chiefly among which are: Pratt v. Tea Co., supra; Fanelty v. Rogers Jewelers, Inc., 230 N.C. 694, 55 S.E.2d 493; Barnes v. Hotel O. Henry Corp., 299 N.C. 730, 51 S.E.2d 180, 181.
In Pratt v. Tea Co., supra, the evidence disclosed a greasy, dirty looking spot about 10 inches long and 7 or 8 inches wide. There was no evidence tending to show that the store floor had been oiled or that the spot was a part of or had its origin in any general type of oil treatment of the floor. Therefore, nothing else appearing, it was not inferable that the greasy spot was either (1) created by the defendant, or (2) had been there long enough for the defendant, in the exercise of ordinary care, to have discovered and removed it, or given warning of its existence. Thus, for want of these crucial proofs, the nonsuit below was affirmed.
Similarly, in Fanelty v. Rogers Jewelers, Inc., supra, the evidence disclosed that the plaintiff slipped on a slick spot or place on the terrazzo entryway outside the defendant's store door. There was no evidence to show who, if anyone, had placed a foreign substance of any kind on the floor of the entryway. It was not disclosed how long the slick spot had been there, nor did it appear to be part of a general type of oil, wax, or like treatment. Hence, in the absence of evidence as to how long the slick spot had been present, no inference of negligence on the part of the defendant was deducible from the single fact of a slippery spot on the terrazzo floor outside the defendant's door.
In Barnes v. Hotel Corp., supra, the plaintiff slipped on the marble floor in the hall entryway to the elevators on the third floor of the O. Henry Hotel in Greensboro. There, the nonsuit below was sustained for want of any evidence, direct or circumstantial, tending to show that "any unusual material had been used in cleaning or polishing the floor or that such material had been applied in an improper, unusual or negligent manner." It also appeared that the plaintiff had been a regular guest of the hotel for about 12 years, and she testified that she came out of her room to the elevator entrance "she looked at the whole area and saw nothing out of the ordinary."
A number of decisions relied on by the defendant involve hazardous conditions which reasonably may have been produced by the act of a third party or weather conditions, or by other causes over which the storekeeper had no direct controllike puddles of loose oil or spots made by other foreign substancesunder circumstances requiring the plaintiff to prove that the defendant proprietor was chargeable with notice of the dangerous condition. See Fanelty v. Rogers Jewelers, Inc., supra; Pratt v. Tea Co., supra; and cases cited.
In the instant case, however, there is no such factual background. Here, the evidence is sufficient to support the inference that the hazardous condition complained of was created by or under the direction or sufferance of the defendant in connection with a general application of floor oil; therefore if such permissive inference should be drawn by the jury, then it follows as a necessary corollary that knowledge of the hazardous condition so created by the defendant would be inferred. In such circumstances, it would be far afield to say that a defendant might by his own act create a hazardous condition and then demand that one injured thereby should be required to prove the defendant's knowledge of such condition. It is elementary in the trial of negligence cases that where the alleged dangerous condition is shown to have been created by the person claimed to be liable, no further notice to him is necessary. No one needs notice of that which he knows. 65 C.J.S., Negligence, § 5, p. 354; Hulett v. Great Atlantic & Pacific Tea Co., supra; Bury v. F. W. Woolworth Co., 129 Kan. 514, 283 P. 917. What is here said is in accord with the rule of liability defined and applied in Pratt v. Great Atlantic & Pacific Tea Co., supra.
For the reasons stated, the judgment below is
Reversed.
*38 BARNHILL, Justice (dissenting).
There is ample evidence in the record tending to show that the defendant's basement floor was oily at the place where plaintiff says she fell, and that the oil proximately caused her fall. But how long had the oil been on the floor at the time of the accident? This the record does not disclose. Who put the oil on the floor? As to this the record is silent. Plaintiff did not undertake to show who put the oil on the floor or how long it had been there. Pratt v. Great Atlantic & Pacific Tea Co., 218 N.C. 732, 12 S.E.2d 242.
All agree that, to establish negligence on the part of the defendant, plaintiff must offer some evidence tending to show either that one of defendant's employees oiled the floor in such a careless and negligent manner that it created an unnecessary and additional hazard to customers entering the building, or that the additional hazard, being created by a third party, had existed for such a length of time that the owner knew or by the exercise of ordinary care should have known of its existence. Such proof is essential to plaintiff's cause of action. As I read the record she has failed in this respect to make out a case for the jury.
The majority opinion is not sustained by the authorities cited. In Parker v. Great Atlantic & Pacific Tea Co., 201 N.C. 691, 161 S.E. 209, and Anderson v. Reidsville Amusement Co., 213 N.C. 130, 195 S.E. 386, there was evidence that the slippery substance was applied by one of defendant's employees. In Bowden v. S. H. Kress & Co., 198 N.C. 559, 152 S.E. 625, there was evidence that the unsafe condition had existed for more than a weeka time within which the defendant in the exercise of ordinary care should have discovered and eliminated the hazard. The numerous cases listed in the A.L.R. annotations cited in the majority opinion likewise follow the same rule; that is, the plaintiff must show that the hazard was created by the defendant or had existed for such a length of time that he knew, or in the exercise of ordinary care should have known of its existence.
This case takes us a bowshot beyond any decision we have heretofore rendered. It holds, in effect, that when plaintiff proves there was oil or some other slippery substance on the floor where she fell the jury may, from this fact alone infer that it was placed there by the owner or one of his employees. To this I cannot agree. I therefore vote to affirm.
WINBORNE and DENNY, JJ., concur in dissent.