MAY WINDERS v. WALTER POWERS.

(Filed 22 May, 1940.)

**1. Breach of Marriage Promise § 2—**

The fact that at the time of the breach of promise of marriage, license for the marriage of the parties could not be lawfully issued, chapter 314, Public Laws of 1939, is a defense to an action for damages for breach of promise of marriage.

**2. Same—**

Unchastity of plaintiff is no defense to an action for breach of promise of marriage when the illicit conduct was solely with defendant himself.

**3. Same—**

The fact that plaintiff is suffering from syphilis which, although entailing no danger of infection to defendant because of its advanced stage, would probably result in children whose blood would be tainted with the disease if the contract were carried out, is a defense to an action for breach of promise of marriage.

**4. Marriage § 1—**

While marriage is essentially a civil contract, the status resulting therefrom is of profound importance to society and the State, and public policy is concerned therewith for the preservation of the purity and virility of the race.

APPEAL by plaintiff from *Stevens, J.,* at October Term, 1939, of PENDER. Affirmed.

This was an action for damages for breach of promise of marriage. At the close of plaintiff's evidence, motion for judgment of nonsuit was allowed, and plaintiff appealed.

*E. C. Sanderson and David Sinclair for plaintiff.*
*Clifton L. Moore and Rivers D. Johnson for defendant.*

DEVIN, J. The sufficiency of the plaintiff's evidence to warrant its submission to the jury depends upon the effect to be given to the plaintiff's admission that during the time when the promise of marriage and its breach occurred she was afflicted with the disease of syphilis.

The plaintiff, who is now thirty-three years of age, testified that the promise of marriage was given in 1935, that sexual relations with defendant began in 1936, and that a baby was born in July, 1938. She testified that in September, 1938, her syphilitic condition, previously unknown to her, was discovered by a physician, and that fact was communicated to the defendant; that thereafter sexual relations between them, together with renewed promises of marriage, continued to January, 1939, when plaintiff's father caused the indictment of the defendant, who thereafter ceased all relations with her. Evidence of syphilis was also found in the blood of the baby. Plaintiff further testified that she had. never had sexual intercourse with any other man than the defendant. The defendant did not have syphilis nor did the plaintiff contend that he had communicated the disease to her, and she was unaware how she had acquired it.

The physician testified that at the time he examined the plaintiff in September, 1938, she had a "four plus Wassermann," and that the baby had a positive Wassermann inherited through the blood of the mother; that in his opinion the plaintiff had been infected for as long a time as ten years. He further testified that at the time of his examination plaintiff's syphilitic condition would be classed as "latent second or early third stage. She would not be infectious as far as sexual intercourse, but if she had another child, the child would have it."

The breach of the promise of marriage occurred in 1939. No evidence of refusal of compliance appears until suit brought in May, 1939. At that time ch. 314, Public Laws 1939, was in effect. By this act it is provided that marriage licenses shall not be issued except upon presentation of a physician's certificate showing absence of any venereal disease in infectious or communicative stage, and, in addition, the act requires that this certificate be accompanied by a laboratory report showing the result of the Wassermann test to be negative. The act permits an excep-

tion to these requirements only, "when the applicant with syphilis has been under continuous weekly treatment with adequate dosage of standard arsenical and bismuth preparation given by a regularly licensed physician for a period of one year, and when such applicant also signs an agreement to continue such treatment until cured or probated."

The evidence fails to disclose that at the time of the breach of promise of marriage the plaintiff had brought herself within the exception to the statute so as to render the issuance of a marriage license lawful. If the plaintiff's condition was such as to prevent her lawful entry into the marriage relation, this would constitute a valid defense to an action for damages for breach of the contract.

The physician testified that in the present stage of the disease with which the plaintiff was afflicted sexual relations would not be dangerous to the defendant, but that any offspring would be affected with the inherited evil of syphilis.

The rule stated in *Gaskill v. Dixon,* 3 N. C., 350, that unchastity of the plaintiff would constitute a defense to an action for damages for breach of promise of marriage is inapplicable when the illicit conduct was only with the defendant himself, as the plaintiff testified was the case here. *Smith v. McPherson,* 176 Cal., 144; L. R. A., 1918-B, 66; *Barrett v. Vander-Muelen,* 264 Ky., 441.

It seems to be the rule, however, announced by this Court and in other jurisdictions, that a diseased condition of the body of one of the parties to an agreement to marry, such as would entail serious injury to the offspring if the contract were carried out, would release the other party from liability for failure to consummate the agreement to marry. *Allen v. Baker,* 86 N. C., 92; *Shepler v. Chamberlain,* 226 Mich., 112, 33 A. L. R., 1232, and cases cited in annotation; 8 Am. Jur., 862-864; *Re Oldfield,* 175 Iowa, 118; *Shackleford v. Hamilton,* 93 Ky., 80; *Grover v. Zook,* 44 Wash., 489.

While marriage is in essential respects a civil contract, it is something more. From it results a status, of profound importance not only to the parties, but also to society and to the State. Upon it largely depends the procreation of succeeding generations, and public policy is concerned with the preservation of the purity and virility of the race.

While the conduct of the defendant, as testified by the plaintiff, is not to be approved, we must hold that the failure to comply with a contract of marriage, for which license could not lawfully issue, and which would probably result in children in whose blood the inherited evil of syphilis would continue, would not give rise to an action for breach of the contract.

The ruling of the court below in allowing the motion and entering judgment of nonsuit is

Affirmed.