SALLIE P. PRATT v. THE GREAT ATLANTIC AND PACIFIC TEA COMPANY.

(Filed 20 December, 1940.)

**1. Negligence § 4d—**

A store proprietor is not an insurer of the safety of its customers, and the doctrine of *res ipso laquitur* does not apply to an injury sustained by a customer in a fall on the aisle of the store, but the customer must prove

negligence in construction or maintenance, resulting in a condition from which injury is reasonably foreseeable, and that the proprietor had express or implied notice thereof.

**2. Same—**

Evidence that plaintiff slipped on a greasy, dusty substance on the aisle of defendant's store, and fell to her injury, without evidence that defendant's employees had put the substance on the floor, and without evidence that defendant had express or implied notice thereof, is insufficient to overrule defendant's motion to nonsuit.

Clarkson, J., concurs in result.

Appeal by plaintiff from *Nettles, J.,* at June Term, 1940, of Forsyth. Affirmed.

Civil action to recover damages for personal injuries.

The plaintiff, while a customer in the mercantile establishment of the defendant, slipped and fell, sustaining personal injuries. She instituted this action for damages alleging that her fall resulted from the negligence of the defendant in that it permitted a greasy, oily substance to be and remain on the floor at or near the meat market department thereof.

At the conclusion of the evidence for the plaintiff, on motion of the defendant, the action was dismissed as of nonsuit and judgment was entered accordingly. The plaintiff excepted and appealed.

*Ingle, Rucker & Ingle for plaintiff, appellant.*
*Fred S. Hutchins and H. Bryce Parker for defendant, appellee.*

Barnhill, J. The defendant was not an insurer of the safety of those who entered its store for the purpose of making purchases, and the doctrine of *res ipsa loquitur* is not applicable. *Cooke v. Tea Co.,* 204 N. C., 495, 168 S. E., 679; *Fox v. Tea Co.,* 209 N. C., 115, 182 S. E., 662; *Brown v. Montgomery Ward & Co.,* 217 N. C., 368, 8 S. E. (2d), 199; *Winders v. Powers,* 217 N. C., 580, 9 S. E. (2d), 131.

When claim is made on account of injuries caused by some substance on the floor along and upon which customers will be expected to walk, in order to justify recovery, it must be made to appear that the proprietor either placed or permitted the harmful substance to be there, or that he knew, or by the exercise of due care should have known, of its presence in time to have removed the danger or given proper warning of its presence. Thus, before plaintiff can be permitted to recover she must first offer evidence tending to show (1) negligent construction or maintenance resulting in a condition which would cause a person of ordinary care to foresee that some injury was likely to result therefrom; and (2) express or implied notice of such condition. *Cooke v. Tea Co.,*

*supra; King v. Thackers, Inc.,* 207 N. C., 869, 178 S. E., 95; *Fox v. Tea Co., supra; Brown v. Montgomery Ward & Co., supra.*

Measured by this standard, which is the accepted law in this State, the judgment of nonsuit must be sustained.

The plaintiff testified that after her fall she observed the place where she fell. The area covered by the foreign substance was about 10 inches long and 7 or 8 inches wide. There was a mark across it made by her shoe. She further testified that "it looked greasy and dusty and dirty. . . . It looked dusty and dirty like it had been swept over—dusty and dirty. . . . It looked dark and dusty. . . . It looked greasy and dusty. . . . It looked like it was dust over a dirty spot. . . . It looked greasy." This testimony is merely descriptive. She does not say, nor did she undertake to show, what the substance on the floor was, who put it there, or how long it had been there. No attempt is made to show how nor by whom the oily spot was created, nor as to how long it had existed.

*Anderson v. Amusement Co.,* 213 N. C., 130, 195 S. E., 386, cited and relied on by plaintiff, is distinguishable. In that case there was evidence tending to show that defendant's servants had put liquid wax on the rubberized linoleum in such manner as to create an unsafe condition and that such condition had existed for several days.

Conceding that plaintiff's testimony is sufficient to show a defective condition which was likely to cause injury, the fact remains that there is no evidence which tends to prove either that defendant's employees put the substance on the floor or that it had been there for such length of time as to charge defendant with implied notice thereof.

There being a failure of proof of notice, either express or implied, the judgment below is

Affirmed.

CLARKSON, J., concurs in result.