CLARENCE H. WATERS v. JESSE LEE HARRIS AND WIFE, ELIZABETH CLARK HARRIS.

(Filed 23 September, 1959.)

**1. Negligence § 4f (2)—**

While the proprietor is not an insurer of the safety of invitees, he is under duty to exercise ordinary care to keep the aisles and passageways where customers are expected to go in a reasonably safe condition so as not unnecessarily to expose them to danger, and to give warning of hidden dangers or unsafe conditions of which the proprietor has knowledge or of which he should have known in the exercise of reasonable supervision and inspection.

**2. Same—**

Where the substance upon which a customer falls is placed on the floor by the proprietor or his employees, no evidence tending to show actual or constructive knowledge of the proprietor is necessary, since a person is deemed to have knowledge of his own or his employees' acts.

**3. Same—**

Where there is no evidence as to the source of a substance on the floor causing the fall of a customer, the customer may not ordinarily recover for the resulting injury unless he makes it appear that the substance had remained on the floor for such length of time that the proprietor knew or by the exercise of reasonable care should have known of its existence.

**4. Same—**

Where the nature of the business is such that the proprietor may reasonably anticipate the presence of grease and oil on the floor, and

the proprietor has personal knowledge of the unkept condition of the floor, and fails to provide adequate light to enable a customer to see where he is going, the proprietor may be liable for a fall of the customer resulting from a greasy substance on the floor without proof that the substance had been on the floor at this particular place for a sufficient length of time to charge the proprietor with constructive knowledge thereof.

**5. Same—**

Evidence that the proprietor of a warehouse personally conducted a customer on a trip to look at used refrigerating equipment, that there was trash on the floor and that the proprietor failed to provide sufficient artificial light or use available facilities for letting in sufficient natural light to enable the customer to see where he was going is *held* sufficient to overrule a nonsuit in an action by the customer to recover for a fall resulting when he stepped on some greasy substance on the floor.

**6. Same—**

Evidence tending to show that a customer fell on his hip, fracturing a hip bone adjacent to a thick billfold carried in his pocket, is insufficient to show contributory negligence of the customer in so carrying the billfold, since no injury of such nature could have been foreseen from carrying a billfold in such manner.

**7. Same—**

A customer will not be held contributorily negligent in walking along a dark aisle with trash on it when the customer is conducted and directed on the trip by the proprietor.

**8. Negligence § 19c—**

Nonsuit on the ground of contributory negligence is proper only when plaintiff's own evidence establishes the facts necessary to show contributory negligence so clearly that no other conclusion may be reasonably drawn therefrom.

HIGGINS, J., not sitting.

APPEAL by plaintiff from *Bundy, J.,* February Civil Term, 1959, of WASHINGTON.

This is an action to recover for personal injuries sustained by plaintiff by reason of the alleged actionable negligence of defendants.

The complaint alleges that plaintiff, as a customer and invitee of the defendants, entered an unlighted warehouse owned and maintained by defendants to store and display secondhand refrigerating equipment for sale, that while there plaintiff slipped in a puddle of grease or oil and fell to the floor and thereby suffered personal injuries. It is alleged that the defendants were negligent in that (1) the warehouse was constructed and maintained without adequate artificial or natural lighting; (2) defendants on the occasion in question did not make use of the available lighting facilities; (3) the

premises were not maintained in a reasonably safe condition; and (4) the defendants did not give warning of the peril which caused plaintiff's injuries.

The answer denies that defendants were negligent in any respect in regard to plaintiff's injuries, and pleads unavoidable accident and contributory negligence. It alleges that plaintiff was contributorily negligent in that (1) he failed to keep a reasonable lookout, and (2) failed to exercise reasonable care for his own safety.

Plaintiff's evidence conforms to the allegations of the complaint and is substantially as follows:

Plaintiff is 45 years of age and resides at Plymouth in Washington County where he operates a combination grocery store and cafe. He desired to purchase for his business a refrigerating "reach in" case to display meats, vegetables and the like. The defendants reside at Hertford in Perquimans County where they conduct a mercantile business. In addition, they own and maintain a warehouse and display therein certain secondhand refrigerating equipment for sale. The warehouse has two doors, each about 6 feet wide, and a window covered by a wooden shutter. All of these openings are on the east side of the building and the window is located between the doors. No part of the doors or window is of glass. On 4 February 1957 plaintiff went to Hertford in search of refrigerating equipment. He had never seen the defendants or the warehouse before that date. Plaintiff contacted the male defendant, who offered to show plaintiff the equipment they had. They proceeded to the warehouse in defendants' truck. The male defendant opened one of the doors but did not open the other door or window. Defendant did not turn on any lights and no lighting equipment was apparent. Defendant did not have a flashlight. It was about midday but "it was kind of dark that day" and it was dark inside the warehouse. Plaintiff inspected a case of the type he was looking for. It was near the open door. Plaintiff inquired the price. Defendant did not reply to the inquiry but said: "Come on, follow me, and let me show you some more equipment." The interior of the warehouse was dark. The floor of the "warehouse was rough, greasy looking, trash all over the floor. . . . The color of the floor was dark." Plaintiff followed behind defendant as close as he could. Defendant led the way. About 30 feet from the door, while only a step or two behind the defendant, plaintiff slipped and fell. Plaintiff was attempting to turn when he slipped. It developed that he had stepped in a puddle of greasy, oily substance. Plaintiff had a billfold, about 5 inches long and 3 inches thick, in his hip pocket "and fell on that." He suffered a fracture of a hip bone.

At the close of plaintiff's evidence, the judge, on motion of defendants, entered a judgment of involuntary nonsuit. Plaintiff excepted and appealed, assigning errors.

*W. L. Whitley and W. M. Darden for plaintiff, appellant.*
*Norman & Rodman for defendants, appellees.*

Moore, J. This appeal poses only one question for decision: Does plaintiff's evidence make out a *prima facie* case of injury by reason of actionable negligence of defendants?

When the competent evidence offered by plaintiff is considered in the light most favorable to him and he is given the benefit of every reasonable inference of fact to be drawn therefrom, we are of the opinion, and so hold, that it is sufficient to have been submitted to the jury and the demurrer to the evidence should have been overruled.

Persons entering a mercantile establishment during business hours to purchase or look at merchandise do so at the actual or implied invitation of the proprietor, upon whom the law imposes the duty of exercising ordinary care (1) to keep the aisles and passageways where customers are expected to go in a reasonably safe condition, so as not unnecessarily to expose the customer to danger, and (2) to give warning of hidden dangers or unsafe conditions of which the proprietor knows or in the the exercise of reasonable supervision and inspection should know. However, the proprietor is not an insurer of the safety of customers and invitees while on the premises and is only liable for injuries resulting from his negligence. *Lee v. Green & Co.,* 236 N.C. 83, 85, 72 S.E. 2d 33. Appellees do not challenge these principles of law. On the contrary they quote, in their brief, to the same effect from *Brown v. Montgomery Ward & Co.,* 217 N.C. 368, 371, 8 S.E. 2d 199.

Cases involving injury from slippery substances in the aisles and passageways of stores and other establishments usually fall into one of two categories. (1) Where the substance is placed on or negligently applied to the floor by the proprietor or his servants or employees. In such cases the proprietor is liable if injury to an invitee proximately results. And the injured party is under no duty to show that the proprietor had actual or constructive notice of the presence of the slippery substance. A person is deemed to have knowledge of his own and his employees' acts. The following are illustrative of this type of case: *Copeland v. Phthisic,* 245 N.C. 580, 96 S.E. 2d 697; *Hughes v. Enterprises, Inc.,* 245 N.C. 131, 95 S.E. 2d 577; *Lee v. Green & Co., supra.* (2) Where the slippery substance is placed on the floor by a

third party or where there is no evidence of the source thereof. In such cases an invitee proximately injured thereby may not recover unless it is made to appear that the substance had remained there for such length of time that the proprietor knew or by the exercise of reasonable care should have known of its existence. Examples of this class of cases are: *Pratt v. Tea Co.*, 218 N.C. 732, 12 S.E. 2d 242; *Fox v. Tea Co.*, 209 N.C. 115, 182 S.E. 2d 662; *Cooke v. Tea Co.*, 204 N.C. 495, 168 S.E. 679.

Appellees contend that the instant case is of the second category above and is controlled by the principles laid down in *Pratt v. Tea Co., supra.* Indeed this seems to have been the basis of the court's ruling below.

In the *Pratt* case, a customer in defendant's store was injured when she slipped and fell by reason of a greasy, oily substance on the floor. She alleged that defendant was negligent in permitting the substance to be and remain on the floor. There was no evidence as to how the oil or grease was put there or how long it had been there. A judgment of involuntary nonsuit was affirmed by this Court on appeal. The Court's opinion says in part:

"When claim is made on account of injuries caused by some substance on the floor along and upon which customers will be expected to walk, in order to justify recovery, it must be made to appear that the proprietor either placed or permitted the harmful substance to be there, or that he knew, or by the exercise of due care should have known, of its presence in time to have removed the danger or given proper warning of its presence. Thus, before plaintiff can be permitted to recover she must first offer evidence tending to show (1) negligent construction or maintenance resulting in a condition which would cause a person of ordinary care to foresee that some injury was likely to result therefrom; and (2) express or implied notice of such condition. (Citing authorities)."

In the instant case, if we consider only the one circumstance, the puddle of grease or oil on the floor, there is an apparent similarity to the facts of the *Pratt* case. In the case at bar there is no *direct* evidence tending to show who put the grease on the floor or how long it had been there. But there is a combination of circumstances here that factually differentiates this case from the *Pratt* case. (1) Plaintiff's evidence tends to show neglect and inattention on the part of the defendants with respect to their duty to maintain the warehouse floor in a reasonably safe condition for customers and invitees. It "was rough, greasy looking, trash all over the floor. . . . The color

of the floor was dark." Besides, it was reasonably foreseeable that grease and oil was likely to leak from motors and other moving parts of the secondhand refrigerating equipment displayed by defendants. (2) Plaintiff's evidence tends to show that defendants failed to provide adequate artificial lighting and failed to use the available facilities for letting in sufficient natural light to enable plaintiff to see where he was walking. (3) Plaintiff's evidence tends to show that the male defendant had personal notice of the condition of the warehouse floor and the lack of adequate lighting since he was present at the time and was personally conducting the plaintiff in the inspection of the equipment.

"Negligence may consist in the failure to so light the premises as to protect from injury by reason of dangerous conditions which would not reasonably be discovered in the absence of such light. . . ." 65 C.J.S., Negligence, Sec. 86, pp. 595-596. The following are cases in which absence of light or inadequacy of light sufficient to disclose unsafe conditions was held to be negligence proximately causing injury: *Thompson v. DeVonde,* 235 N.C. 520, 70 S.E. 2d 424; *Drumwright v. Theatres,* 228 N.C. 325, 45 S.E. 2d 379; *Anderson v. Amusement Co.,* 213 N.C. 130, 195 S.E. 386; *Nelson v Tea Co.,* (N.J. 1958), 137 Atl. 2d 599; *Gunn v. Enterprises, Inc.,* (La. 1939), 192 So. 744; *Lunny v. Pepe,* (Conn. 1933), 165 Atl. 552; *Crouse v. Stacy-Trent Co.,* (N.J. 1933), 164 Atl. 294; *Petera v. Railway Exchange Bldg.,* (Mo. 1931), 42 S.W. 2d 947.

It is our opinion that the record in this case discloses sufficient evidence of negligence proximately causing injury to require submission to the jury. Indeed it seems *prima facie* to satisfy the enumerated prerequisites for recovery set out in the *Pratt* case.

Both in the brief and in the oral argument in Supreme Court defendants seriously contended that plaintiff's evidence showed conclusively that the proximate cause of his injury was the presence of a large billfold in plaintiff's pocket. The evidence disclosed that plaintiff was carrying in his hip pocket a billfold 5 inches long and 3 inches thick, that he fell on this hip and fractured a hip bone adjacent to the billfold. Suffice it to say that the carrying of a billfold in this manner is such an universal practice, attended with consequences of harm so infinitesimal, except for assault and robbery, that the plaintiff was under no duty to foresee that injury would result therefrom. That circumstance was not the proximate cause of the alleged injury in this case.

Appellees also contend that plaintiff was contributorily negligent as a matter of law. *Drumwright v. Theatres, supra,* is a case some-

what similar to the one at bar. In that case the plaintiff was directed by defendant into a dark part of a theatre. This Court said: Unless obviously dangerous, the conduct of a plaintiff which otherwise might be pronounced contributory negligence as a matter of law would be deprived of its character as such, if done at the direction of the defendant or its agent. (Citing authorities). Here, the plaintiff and her companions were directed by defendant's agent to go to the balcony for seats. In following this direction, plaintiff was injured. The case is one for the jury." A nonsuit on the ground of contributory negligence will be granted only when the plaintiff's evidence establishes the facts necessary to show contributory negligence so clearly that no other conclusion may be reasonably drawn therefrom. *Keener v. Beal*, 246 N.C. 247, 252, 98 S.E. 2d 19.

The judgment below is
Reversed.

HIGGINS, J., not sitting.