BARBARA E. CASE v. CATO'S OF NORTH CAROLINA, INC.

(Filed 23 March, 1960.)

**1. Negligence § 37f—**

> Evidence tending to show that the floor upon which a customer fell had been waxed the previous night, without any evidence that the waxing was done other than in the usual and customary manner with material approved and in general use, and without any evidence of any accumulation of wax at the spot where plaintiff fell or any evidence of negligence in the application of the wax, is insufficient to be submitted to the jury on the issue of the proprietor's negligence.

**2. Same—**

> Evidence tending to show that a customer slipped and fell when she stepped on a coat hanger lying partly in the waxed aisle and partly hidden by a display of dresses, without any evidence as to who was responsible for the hanger being on the floor or how long it had been there, is insufficient to be submitted to the jury on the issue of the proprietor's negligence.

**3. Negligence § 37b—**

> The proprietor of a store is not an insurer of the safety of his customers but owes them the duty to exercise ordinary care to keep the premises in a reasonably safe condition and to give warning of hidden perils or unsafe conditions insofar as they can be ascertained by him from reasonable inspection and supervision.

APPEAL by defendant from *Clarkson, J.,* September 28, 1959, "B" Civil Term, MECKLENBURG Superior Court.

Civil action to recover for personal injuries to plaintiff alleged to have been proximately caused by defendant's negligence in maintaining its ladies clothing and accessories store in an unsafe condition in that it placed, or permitted a plastic garment or dress hanger to remain on the floor partially concealed from plaintiff's view. The floor was freshly waxed and slippery. When plaintiff stepped on the hanger it slipped, causing her to fall, as a result of which she sustained serious and permanent injuries. Defendant denied negligence and pleaded contributory negligence. Both parties offered evidence. The defendant's timely motions for nonsuit were overruled. The court submitted issues of negligence, contributory negligence, and damages. The jury answered all in favor of the plaintiff. From the judgment on the verdict, the defendant appealed.

*Carpenter & Webb, By: William B. Webb for defendant, appellant.*
*Leon Olive and W. Faison Barnes for plaintiff, appellee.*

HIGGINS, J.   The evidence disclosed the accident occurred on Saturday afternoon, May 31, 1958, in the defendant's ladies wearing apparel and accessories store in Mount Airy. At the time of her fall and injuries the plaintiff was one of 15, 20, or more customers in the store. The main store room is approximately 50 feet long and 20 feet wide. Along the walls, throughout most of its length, racks were maintained on which were displayed coats and dresses. Each garment was on a separate dress hanger with the hook over a long metal rod parallel to the wall. In the middle of the floor there was a display counter, about four feet high, for accessories. On either side of this counter there was a narrow aisle, about five feet wide, extending from the front to a point near the rear. In the rear, to the left of the center, was located the cashier's desk. To its right was a small clothes rack containing ladies coats and desses. The customers walked up and down the two aisles to examine coats and dresses on the hangers near the walls and the accessories on the counter in the center.

The plaintiff testified: "In my hand I had this purse . . . and also . . . my aunt's handbag. . . . After I looked through the clothes at the rack, I started to the back of the store, . . . I started down the left aisle . . . back towards the right at the desk, . . . I started around the rack of dresses . . . I stepped on something and began to slide. . . . I was walking at a normal rate of speed. . . . I was most certainly looking where I was going. . . . I was more interested in what was in front than what was on the floor. . . . I saw the object I fell on. . . . Exhibit No. 1 is like the hanger I fell on."

The hanger was described as being about three-eighths-inch thick, 18 inches wide, curved, with a metal hook at the apex. The garment hanger, at the time plaintiff stepped on it, was partly concealed under the clothes rack and partly exposed in the passageway. The plaintiff's evidence disclosed the tile or terrazzo floor had been waxed the previous night. It was "clean and slick." The evidence also disclosed that the store maintained a small rack near the cashier's desk which was provided for garment hangers not in use.

Decision on this appeal turns on the question whether the evidence, in the light most favorable to the plaintiff, is sufficient to permit a reasonable inference the defendant breached its duty to the plaintiff in the manner alleged. Admittedly the plaintiff was an invitee in the defendant's store. It is likewise admitted she fell on the garment hanger and as a result of the fall sustained injury.

The evidence, in its most favorable aspect to the plaintiff, fails to show the floor was negligently constructed, or that its previous waxing was other than in the usual and customary manner with mater-

ials approved and in general use. There is a total lack of evidence of any accumulation of wax on the floor at the place where the plaintiff fell, or elsewhere. "The fact that a floor is waxed does not constitute evidence of negligence. Nor does the mere fact that one slips and falls on a floor constitute evidence of negligence." *Barnes v. Hotel Co.*, 229 N.C. 730, 51 S.E. 2d 180.

Examination of the cases in which this Court has held evidence sufficient to go to the jury will disclose the oil, grease, wax, or similar substance, was negligently applied and a spot accumulation was permitted by the proprietor, or that the substance was placed on the floor by a third party and permitted to remain after actual or constructive notice to the proprietor. *Waters v. Harris*, 250 N.C. 701, 110 S.E. 2d 283; *Anderson v. Amusement Co.*, 213 N.C. 130, 195 S.E. 386, and cases cited.

Negligence is also alleged in that the defendant placed or permitted to remain in its aisle, or near thereto, the garment hanger over which the plaintiff fell. There is no evidence any agent or employee of the store placed it there, or knew of its position. In fact there is no evidence it was discovered until the plaintiff fell. For all that appears, some one of the 15, 20, or more customers examining dresses on the racks and removing some to the dressing room for a try-on, may have dropped it or caused it to fall from the rack. In fact, the plaintiff's companion had already carried four dresses from the racks to the dressing room. So far as the evidence discloses, the plaintiff was the first to discover the hanger on the floor. "The proprietor of a store is not an insurer of the safety of customers while on the premises. But he does owe to them the duty to exercise ordinary care to keep the premises in a reasonably safe condition and to 'give warning of hidden perils or unsafe conditions in so far as can be ascertained by reasonable inspection and supervision.'" *Hood v. Coach Co.*, 249 N.C. 534, 107 S.E. 2d 154; *Waters v. Harris, supra; Barnes v. Hotel Co., supra; Ross v. Drugstore*, 225 N.C. 226, 34 S.E. 2d 64; *Anderson v. Amusement Co., supra.*

We conclude that under the uniform holdings of this Court the evidence was insufficient to permit a reasonable inference of the defendant's negligence in either of the particulars alleged. The defendant's Assignment of Error No. 1, based on Exception No. 6, (refusal to nonsuit) must be sustained. In view of this disposition, other assignments need not be considered. The judgment entered in the superior court is

Reversed.