LESTER L. BRITT v. MALLARD-GRIFFIN, INC.

(Filed 15 May 1968.)

1. **Negligence § 37b— Invitee's loss of hand held not due to defendant's negligence in maintaining power saw.**

Plaintiff's evidence was to the effect that he purchased several items of building material from defendant's place of business, that he received permission to use a power-radial saw located on the premises in order to cut a piece of molding, that he had used the saw on previous occasions and was familiar with the fact that the saw could not be operated until a switch beneath the handle was depressed, that as plaintiff attempted to retrieve a piece of molding that had fallen underneath the saw he slipped on a mound of dirt and sawdust, grabbed for the handle of the saw to catch himself and thereby activated the switch, causing the saw to cut off his hand. *Held:* The evidence is insufficient to establish defendant's negligence; the condition of the saw and the premises surrounding the saw being as obvious to plaintiff as to the defendant.

2. **Same—**

The proprietor of a business establishment has the duty to keep his premises in a safe condition for the foreseeable use by his invitee and to

warn him of any hidden dangers or unsafe conditions of which the proprietor knew or in the exercise of reasonable supervision and inspection should have known and which were unknown to the invitee.

THIS is an appeal from *Copeland, S.J.,* 13 November 1967, Civil Session of the Superior Court of LENOIR County.

The plaintiff's evidence tended to show the following. The plaintiff, a 57 year old man in good health, on 27 November 1964 went to the defendant's place of business for the purpose of purchasing some building materials. He purchased several items of building material, including some one-half inch quarter-round molding. The molding was in a nine-foot length and he desired to cut it to a different length. He asked for and received permission to use a power-radial saw which was located next to the wall outside of the building. On previous occasions when he had made purchases from the defendant, he had procured permission to use the saw to cut his materials and had done so.

The plaintiff was familiar with this type of saw and had used a similar saw for many years and at one time had been an instructor at "Grady School" and used a saw similar to this for five years.

The plaintiff knew that a saw of this type was dangerous. The switch on the saw was beneath the handle, and the saw was constructed in such a way that the saw would not operate until the handle of the saw was held and the trigger switch under the handle pulled. When the trigger switch was released, the operation of the saw stopped.

When he went to use the saw on this occasion, the piece of molding slipped back up underneath the saw and he could not see the mark that he had made on it where he desired to make the cut. In order to retrieve the piece of molding, he reached in with his right hand.

At the time, the saw was not in operation, but in order to reach back to where the piece of molding was, the plaintiff stepped upon a small mound of dirt and sawdust which had accumulated near the saw bench.

The plaintiff stepped upon the mound of dirt and sawdust in order to get additional height so he could reach back under the saw and get the piece of molding which had slipped back behind. As the plaintiff stepped upon this mound, both feet slipped out from under him due to moisture which had accumulated in the dirt beneath the top layer of sawdust which appeared dry.

The unfortunate occurrence is described by the plaintiff: "When I slipped, I must have jerked hold of the switch to catch myself and just pulled the saw out and cut my hand off."

From a judgment of nonsuit entered at the close of the plaintiff's evidence, plaintiff appealed.

*Turner and Harrison by Fred W. Harrison for plaintiff appellant.*

*White, Hooten & White by Thomas J. White, III, for defendant appellee.*

CAMPBELL, J.   The plaintiff, having gone to the defendant's place of business for the purpose of purchasing building supplies and having made his purchase, asked for and received permission to use the saw to prepare his purchase for his use.

Having given permission to the plaintiff to use the saw, the defendant owed a duty to the plaintiff to warn him of any hidden dangers or unsafe conditions of which the defendant knew or in the exercise of reasonable supervision and inspection should have known and which were unknown to the plaintiff. The condition of the saw and the premises surrounding the saw were known to the plaintiff and were as obvious to the plaintiff as to the defendant.

"The rule of law is stated in the same words for all these situations — the proprietor must use the care a reasonable man similarly situated would use to keep his premises in a condition safe for the foreseeable use by his invitee — but the standard varies from one type of establishment to another because different types of businesses and different types of activities involve different risks to the invitee and require different conditions and surroundings for their normal and proper conduct." *Hedrick v. Tigniere,* 267 N.C. 62, 67, 147 S.E. 2d 550.

The evidence for the plaintiff fails to show any defect in the saw and hence the case of *Casey v. Byrd,* 259 N.C. 721, 131 S.E. 2d 375, relied upon by the plaintiff is not applicable.

The evidence, when taken in the light most favorable to the plaintiff, fails to establish actionable negligence on the part of the defendant and the motion of nonsuit was properly entered.

Affirmed.

BROCK and PARKER, JJ., concur.