## LELA GRANT FORREST v. S. H. KRESS & COMPANY.

(Filed 22 May 1968.)

**1. Negligence § 1—**

Negligence is the failure to exercise that degree of care for the safety of other persons or their property which a reasonably prudent man, under like circumstances, would exercise, and may consist of acts of commission or omission.

**2. Negligence § 37b—**

A proprietor is not an insurer of the safety of customers and invitees on his premises, but he is under a duty (1) to keep the aisles and passageways where customers are expected to go in a reasonably safe condition so as not unnecessarily to expose the customers to danger, and (2) to give warning of hidden dangers or unsafe conditions of which the proprietor knows or in the exercise of reasonable supervision and inspection should know.

**3. Same—**

Where the slippery substance upon which an invitee falls is negligently applied to the floor by the proprietor or his employees, the proprietor is liable if injury to the invitee proximately results, and in such case the injured party is under no duty to show actual or constructive knowledge of the proprietor, since a person is deemed to have knowledge of his own and his employees' act.

**4. Negligence §§ 37f, 37g—**

Evidence tending to show that plaintiff invitee entered defendant's store and was walking down the aisles to look at merchandise displayed on counters, that plaintiff slipped and fell upon a spot of cleaning oil, with resultant injuries to her hip, and that the floor around the area where plaintiff fell was more "slick and glazy-looking" than anywhere else, *is held* sufficient to be submitted to the jury on the issue of defendant's negligence in improperly oiling the floor, and insufficient to show contributory negligence on the part of plaintiff as a matter of law.

FORREST *v.* KRESS & CO.

APPEAL by plaintiff from *Bowman, S.J.,* at the October 1967 Civil Session of WAYNE Superior Court.

This is a civil action to recover for personal injuries sustained by plaintiff as the result of her slipping and falling on the floor of defendant's store.

Plaintiff's evidence tended to show the following:

On 1 April 1965, plaintiff, a 65-year-old woman in good health, and a friend, Mrs. Beaman, were shopping in the City of Goldsboro, N. C. They visited in various stores before entering the defendant's store some time after 11:30 that morning. Upon entering defendant's store, they walked toward the back of the store looking at merchandise displayed on counters and tables. After separating from Mrs. Beaman, plaintiff continued up an aisle and turned a corner at a counter. As she turned, plaintiff's feet suddenly slipped out from under her, causing her to fall to the floor in the middle of the aisle on her left hip. "My feet went out from under me as quick as if I had been on a pair of roller skates." The floor was made of wood, was somewhat uneven, and had some type of cleaning oil on it.

In the area where plaintiff fell (approximately one-half yard long and one-half yard wide), the floor was slick and glazy-looking, more so than anywhere else. "It looked glazier than the other part of the floor."

After her fall, plaintiff tried to lift herself with her right hand, but her hand slipped upon the oil on the floor. Her hand smelled oily, and the oil was slick like the solution identified as Mycobrite.

Plaintiff received substantial injury, primarily a fractured hip. Her medical expenses exceeded $1900.00 and her doctors testified that she would have a thirty-five per cent permanent partial disability of her left leg.

Defendant stipulated that it used Mycobrite on its floors, and a small bottle of Mycobrite was introduced in evidence. Plaintiff had Mycobrite on the back of her coat, from the hipline downward, to the extent that the coat had to be sent to the dry cleaners.

In its answer, defendant admitted that it provided for its own janitorial service, including floor cleaning and maintenance, and that it used Mycobrite on its floors.

Plaintiff alleges that in the maintenance of its floor on the day in question, defendant was careless and negligent in the following particulars:

"(a)   In that it applied oil or some other slick substance on the floor in an uneven manner, permitting spotty accumulations in large or unusual quantities so as to cause the floor to become dangerous to persons walking upon it.

"(b) In that it permitted spotty accumulations of oil or other slick substance in large or unusual quantities to remain upon the floor when the defendant knew or should have known that the same endangered the safety of persons walking upon the floor.

"(c) In that it failed to remove the oil or other slick substance from the floor or to take such other action as was reasonably necessary to protect invitees and guests in its place of business lawfully walking upon the floor.

"(d) In that it failed to give notice or warning to persons walking along the floor of the unusual, slippery, dangerous and unsafe condition of the floor."

At the close of plaintiff's evidence, defendant's motion for involuntary nonsuit was allowed. Plaintiff appealed.

*Smith & Everett by W. Harrell Everett, Jr., Attorneys for plaintiff appellant.*

*George K. Freeman, Jr. and H. Jack Edwards, Attorneys for defendant appellee.*

BRITT, J. Plaintiff's assignments of error relate to the granting of defendant's motion for judgment as of involuntary nonsuit and the entry of judgment thereon.

Considering the evidence offered by plaintiff in the light most favorable to her and giving her the benefit of every reasonable inference of fact to be drawn therefrom, as we are bound to do, we hold that the evidence was sufficient to make out a *prima facie* case of actionable negligence for the jury.

Negligence is the failure to exercise that degree of care for the safety of other persons or their property which a reasonably prudent man, under like circumstances, would exercise, and may consist of acts of commission or omission. 3 Strong, N. C. Index, Negligence, § 1, p. 442, and cases cited therein.

"Persons entering a mercantile establishment during business hours to purchase or look at merchandise do so at the actual or implied invitation of the proprietor, upon whom the law imposes the duty of exercising ordinary care (1) to keep the aisles and passageways where customers are expected to go in a reasonably safe condition, so as not unnecessarily to expose the customer to danger, and (2) to give warning of hidden dangers or unsafe conditions of which the proprietor knows or in the exercise of reasonable supervision and inspection should know. However, the proprietor is not

an insurer of the safety of customers and invitees while on the premises and is only liable for injuries resulting from his negligence. *Lee v. Green & Co.*, 236 N.C. 83, 85, 72 S.E. 2d 33." Moore, J., speaking for the court in *Waters v. Harris*, 250 N.C. 701, 110 S.E. 2d 283.

There was sufficient evidence in the instant case to support the inference that from want of ordinary care on the part of the defendant, its floor was improperly oiled and left in an unsafe condition. Where the slippery substance is placed on or negligently applied to the floor by the proprietor or his servants or employees, the proprietor is liable if injury to an invitee proximately results. In such case, the injured party is under no duty to show that the proprietor had actual or constructive notice of the presence of the slippery substance. One is deemed to have knowledge of his own and his employees' acts. *Waters v. Harris, supra; Copeland v. Phthisic*, 245 N.C. 580, 96 S.E. 2d 697.

In its answer defendant pled contributory negligence on the part of plaintiff, and in its brief contends that plaintiff's evidence disclosed that she was contributorily negligent as a matter of law. We hold that the evidence does not disclose contributory negligence as a matter of law.

The trial court erred in granting defendant's motion for judgment as of involuntary nonsuit, necessitating a

New trial.

MALLARD, C.J., and MORRIS, J., concur.