BESSIE B. LANIER v. ROSES STORES, INC.

No. 6811SC266

(Filed 9 October 1968)

1. **Negligence § 57— proprietor's duty to invitee — oiled floors — sufficiency of evidence**

    Plaintiff's evidence that she was a customer in defendant's store, that she slipped and fell in an excessive amount of oil on the wooden floor, that the entire floor looked as if it had been treated with the same substance, and that there was a film or wet place approximately one foot by two feet in size where plaintiff slipped, *is held* sufficient to establish a *prima facie* case of defendant's negligence for the jury; the doctrine of *res ipsa loquitur* is inapplicable to this situation.

2. **Negligence § 1— negligence defined**

    The failure to exercise that degree of care which a reasonable and prudent man would have exercised under like circumstances is negligence, and this may consist of acts of commission or omission.

3. **Negligence § 53— proprietor's duty to customer**

    Those entering a store during business hours to purchase or to look at goods do so at the implied invitation of the proprietor, upon whom the law imposes the duty of exercising ordinary care (1) to keep the aisles and passageways where customers are expected to go in a reasonably safe condition, and (2) to give warning of hidden dangers or unsafe conditions of which the proprietor knows or in the exercise of reasonable supervision and inspection should know.

4. **Negligence § 57— sufficiency of evidence that proprietor or his agent applied oil to floor**

    In plaintiff's action to recover for injuries resulting from a fall on store owner's oiled floor, evidence that the floor was slick and of an appearance indicating the recent and improper application of oil in areas where customers were likely to go, *is held* sufficient to support an inference that the oil was applied by the owner or its agents.

APPEAL by plaintiff from *Cohoon, J.,* at the 18 March 1968 Civil Session of HARNETT Superior Court.

Plaintiff's complaint alleges that on 6 November 1962 plaintiff entered defendant's store in Dunn, N. C., as an invitee for the purpose of buying merchandise; that the floor of the store was coated with a slippery substance not discernible to the plaintiff; that the defendant was negligent in failing to provide a safe area for customers entering and leaving the premises and in failing to warn the plaintiff of the dangerous condition of which defendant had actual or constructive notice; and that the plaintiff slipped, fell and was injured as a result of defendant's negligence.

The defendant answered, denying the material allegations of the complaint and pleading contributory negligence.

The evidence favorable to the plaintiff tended to show the following: That the plaintiff and her daughter entered the store at 9:30 a.m. on a Tuesday and proceeded in the direction of the bedspread counter, which was some 30 feet from the door and somewhat to one side; as they neared the bedspread counter, the plaintiff slipped suddenly in an excessive amount of oil on the wooden floor, the whole of which looked as if it had been treated with the same substance. There was a film or wet place approximately one foot by two feet in size where plaintiff slipped. After the plaintiff fell, her coat was smeared with oil where it had been under her knee and leg as she fell. Oil was also on her sleeve and glove. Several witnesses testified to establish these facts. In addition, there was extensive evidence of plaintiff's injuries and treatment.

At the close of plaintiff's evidence, the court granted defendant's motion for nonsuit. Plaintiff appealed.

*Bryan, Bryan & Johnson and Morgan & Jones by Robert H. Jones for plaintiff appellant.*

*Maupin, Taylor & Ellis by Armistead J. Maupin for defendant appellee.*

BRITT, J.

[1]    Plaintiff's evidence, when considered in the light most favorable to her, and giving her the benefit of every reasonable inference of fact, as we are required to do, was sufficient to establish a prima facie case of actionable negligence for the jury.

[2]    The failure to exercise that degree of care which a reasonable and prudent man would have exercised under like circumstances is negligence, and this may consist of acts of commission or omission.

3 Strong, N. C. Index, Negligence, § 1, p. 442, and cases cited therein. *Forrest v. Kress & Co.*, 1 N.C. App. 305, 161 S.E. 2d 225.

**[3]** Those entering a store during business hours to purchase or look at goods do so at the implied invitation of the proprietor, upon whom the law imposes the duty of exercising ordinary care (1) to keep the aisles and passageways where customers are expected to go in a reasonably safe condition, so as not unnecessarily to expose the customer to danger, and (2) to give warning of hidden dangers or unsafe conditions of which the proprietor knows or in the exercise of reasonable supervision and inspection should know. *Lee v. Green & Co.*, 236 N.C. 83, 72 S.E. 2d 33; *Bowden v. Kress,* 198 N.C. 559, 152 S.E. 625.

**[1]** The defendant is not an insurer of the safety of his premises, *Bowden v. Kress, supra;* nor does the doctrine of res ipsa loquitur apply. *Harris v. Montgomery Ward & Co.*, 230 N.C. 485, 53 S.E. 2d 536. Moreover, the doctrine of negligence *per se* is inapplicable to this situation. *Lee v. Green & Co., supra.*

**[4]** This case is governed by the case of *Lee v. Green & Co., supra,* wherein, after noting that the plaintiff therein had offered no direct testimony as to when, how, or by whom the oil dressing had been applied, it is stated:

> "However, where, as here, a complaining party offers evidence tending to show a slick, oily floor condition, existing under circumstances pointing to some general type of previous oil treatment, showing fresh oil in some places and dry in others, thus indicating the application or accumulation of more oil in some places than others, we think the case may not be withdrawn from the jury simply because the plaintiff or her witnesses did not see the oil applied or know when or by whom it was applied or relate the precise details respecting the kind and quantities of oil applied or the mode of procedure followed in applying it. Where the facts in respect to these things are reasonably inferable from the plaintiff's evidence, as in the present case, it is not imperative, under pain of suffering a nonsuit, that the plaintiff go further and indulge in the exploratory procedure of looking for bystanders who were present when the floor was oiled, or calling to the stand employees of the defendant who may have first-hand knowledge of the method followed in applying the oil. The essentials of a *prima facie* case do not require any such intensity of proofs nor precision as to details, 38 Am. Jur., Negligence, Sec. 333; 65 C.J.S., Negligence, Sec. 243, pp. 1068 and 1074; *Hulett v. Great Atlantic & P. Tea Co.*, 299 Mich 59, 299

COLCLOUGH *v.* A. & P. TEA CO.

N.W. 807; *Benesch & Sons v. Ferkler,* 153 Md. 680, 139 A. 557, cited in *Bowden v. Kress & Co.* [sic], *supra."*

Here, as in the *Lee* case, there was evidence of a slick floor, with an appearance indicating the recent application of oil, dry in most areas, but still wet in others, which would justify the jury finding an application of excessive amounts of oil in areas where customers might be expected to go. There was no evidence of a warning of this condition. The facts are sufficient to support the inference of application of oil by the defendant or its agents. Defendant is deemed to have knowledge of its own acts or the acts of its agents. *Lee v. Green & Co., supra.*

In its answer, defendant pled contributory negligence on the part of plaintiff; however, it did not argue this question in its brief. We hold that the evidence does not disclose contributory negligence as a matter of law.

The judgment of the Superior Court granting defendant's motion for judgment as of involuntary nonsuit is

Reversed.

BROCK and PARKER, JJ., concur.