MRS. W. P. (DONA) HULL v. WINN-DIXIE GREENVILLE, INC.

No. 7029SC324

(Filed 5 August 1970)

1. Negligence § 1— negligence defined

Negligence is the failure to exercise that degree of care which a reasonable and prudent man would have exercised under like circumstances, and may consist of acts of commission or omission.

2. Negligence §§ 5.1, 53— duties of store proprietor to invitee — safe condition of premises

Defendant supermarket proprietor had the duty to exercise reasonable care to keep the premises in a reasonably safe condition so as not to expose the plaintiff invitee unnecessarily to danger, and to give warning of hidden conditions and dangers of which he had knowledge, or in the exercise of reasonable supervision and inspection should have had knowledge, and of which the plaintiff had less or no knowledge.

3. Negligence §§ 5.1, 53— unsafe premises — notice charged to proprietor

A proprietor is charged with notice of an unsafe condition arising from dangerous substances on the floor of the aisles of its store if the unsafe condition has remained for sufficient time for the proprietor to know, or by the exercise of reasonable care to have known, of its existence.

4. Negligence §§ 5.1, 57— fall by store customer — condition of premises — res ipsa loquitur

A store proprietor is not an insurer of the safety of his premises.

5. Negligence §§ 5.1, 57— fall by customer on oily substance — negligence by proprietor — insufficiency of evidence

Evidence that plaintiff customer slipped and fell on an oily substance believed to be cooking oil on the floor of defendant's supermarket was insufficient to be submitted to the jury on the issue of defendant's negligence, the doctrine of *res ipsa loquitur* being inapplicable, and there being no evidence tending to show that defendant knew or should have known of the dangerous condition or that it was created by defendant's own negligence.

APPEAL by plaintiff from *Snepp, J.,* January 1970 Session of RUTHERFORD Superior Court.

Plaintiff's complaint alleges that on 1 May 1965 plaintiff entered the defendant's establishment in Morganton, N. C., as an invitee for the purpose of buying groceries; that an area of the floor was covered by an oily substance believed to be cooking oil; that the substance was not discernible to the plaintiff; that the defendant corporation through its employees and agents negligently caused and permitted the oily substance to remain on the floor and thereby did not provide a safe passageway for customers; that the oily substance had been on the floor for such a period of time that the defendant's employees knew or should have known of its presence and should have removed it; that no warning was given the plaintiff of the dangerous condition of which defendant had actual or constructive notice; and that plaintiff slipped, fell and was injured as a result of the defendant's negligence.

The defendant answered denying the allegations of the complaint. At the close of plaintiff's evidence, the defendant moved for a directed verdict pursuant to Rule 50, Rules of Civil Procedure on the grounds that there was no evidence of negligence on the part of defendant. The motion was granted and plaintiff appealed.

*Carroll W. Walden, Jr., for plaintiff appellant.*

*J. Nat Hamrick for defendant appellee.*

VAUGHN, J.

Plaintiff's evidence, when considered in the light most favorable to her and giving her the benefit of every reasonable inference of fact which can be drawn therefrom, as we are required to do, was insufficient to withstand defendant's motion for a directed verdict.

The evidence favorable to the plaintiff tended to show that the plaintiff entered the defendant's establishment at approximately 9:30 a.m. on 1 May 1965 accompanied by her daughter Carol Hull who was 17 years old at that time. The plaintiff proceeded to the end of the frozen food counter to purchase bread. Carol Hull was close behind pushing a grocery cart. At this time the plaintiff fell in a substance that caused "greasy spots" on her clothing. The plaintiff testified that she received no warning

Hull v. Winn-Dixie Greenville, Inc.

of the substance being on the floor prior to her fall nor was there any sign indicating its presence. Carol Hull testified that she saw her mother fall in what appeared to her to be clear cooking oil which was spattered over an area about five or six feet long; that the floor was clean except for the big spot of oil. This was the extent of the evidence relating to condition of the premises.

[1, 2] The failure to exercise that degree of care which a reasonable and prudent man would have exercised under like circumstances is negligence, and this may consist of acts of commission or omission. 6 Strong, N. C. Index 2d, Negligence, § 1, pp. 3, 4; *Lanier v. Roses Stores, Inc.,* 2 N.C. App. 501, 163 S.E. 2d 416; *Forrest v. Kress & Co.,* 1 N.C. App. 305, 161 S.E. 2d 225. The plaintiff's status as an invitee, 6 Strong, N. C. Index 2d, Negligence, § 59, p. 129; *Pafford v. Construction Co.,* 217 N.C. 730, 9 S.E. 2d 408, placed upon the defendant the duty to exercise reasonable care to keep the premises in a reasonably safe condition so as to not expose the plaintiff unnecessarily to danger, and to give warning of hidden conditions and dangers of which it had knowledge, or in the exercise of reasonable supervision and inspection should have had knowledge and of which the plaintiff had less or no knowledge. *Hedrick v. Tigniere,* 267 N.C. 62, 147 S.E. 2d 550; *Quinn v. Supermarket, Inc.,* 6 N.C. App. 696, 171 S.E. 2d 70, *cert. den.,* 276 N.C. 184; *Brady v. Coach Co.,* 2 N.C. App. 174, 162 S.E. 2d 514; *Britt v. Mallard-Griffin, Inc.,* 1 N.C. App. 252, 161 S.E. 2d 155.

[3] The plaintiff failed to offer any evidence tending to show that the defendant's employees or agents had knowledge of the unsafe condition or that defendant, by the exercise of reasonable care, could have known of the condition. There is no evidence of how the oily substance came to be on the floor or how long it had been there. A proprietor is charged with notice of an unsafe condition arising from dangerous substances on the floor of its aisles of its store, if the unsafe condition has remained for sufficient time for the proprietor to know, or by the exercise of reasonable care to have known, of its existence. *Long v. Food Stores,* 262 N.C. 57, 136 S.E. 2d 275.

[4, 5] The defendant is not an insurer of the safety of his premises, *Bowden v. Kress,* 198 N.C. 559, 152 S.E. 625, nor does the doctrine of *res ipsa loquitur* apply. *Harris v. Montgomery Ward & Co.,* 230 N.C. 485, 53 S.E. 2d 536. The plaintiff failed to offer evidence tending to show that defendant knew or should

have known of the dangerous condition or that the dangerous condition was created by defendant's own negligence. Under very similar circumstances nonsuit was held proper in *Pratt v. Tea Co.*, 218 N.C. 732, 12 S.E. 2d 242. The judgment of the trial court directing a verdict in favor of the defendant is

Affirmed.

CAMPBELL and BRITT, JJ., concur.